## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br><br>        v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>        Defendants. | Case No. 1:23-cv-00577-LMM |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY QUESTION PRESENTED BY THE COURT'S MARCH 29, 2024 ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.    ARGUMENT..................................................................................................4

    A.    Legal Standard...................................................................................4

    B.    The Weight of Authority Agrees with This Court's Holding That Rule 8(a)(2) Applies to Loss Causation Allegations. ...........................4

    C.    The AC Adequately Pleads Loss Causation Under Rule 9(b). ............7

    D.    Defendants' Motion Poses Mixed Questions of Law and Fact Rather Than A Pure Issue of Law .......................................................13

    E.    Interlocutory Appeal Would Not Advance This Litigation. ...............14

III.    CONCLUSION...............................................................................................16

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abramson v. Newlink Genetics Corp.*,
965 F.3d 165 (2d Cir. 2020) ..................................................................6

*Carey Camp v. Qualcomm Inc.*
2020 WL 1157192, (S.D. Cal. Mar. 10, 2020) ....................................12

*Cont'l 332 Fund, LLC v. Albertelli*,
No. 2:17-CV-41-FTM-38MRM, 2018 WL 3656472 (M.D. Fla.
Aug. 2, 2018) .................................................................................1, 3, 15

*Duncan v. Rushmore Loan Mgmt. Servs., LLC*,
No. 6:20-CV-1524-CEM-GJK, 2021 WL 8774248 (M.D. Fla.
Sept. 30, 2021) ......................................................................................8

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005)......................................................................2, 5, 8

*Eastwood Enters., LLC v. Farha*,
No. 807-CV-1940-T-33EAJ, 2009 WL 3157668 (M.D. Fla. Sept.
28, 2009) ..............................................................................................13

*Flint Riverkeeper, Inc. v. S. Mills, Inc.*,
261 F. Supp. 3d 1345 (M.D. Ga. 2017) ..............................................15

*Futrell v. Southeastrans, Inc.*,
No. 120CV04674WMRRDC, 2021 WL 2547660 (N.D. Ga. Apr. 1,
2021) ......................................................................................................8

*Horne v. Ameris Bank*,
No. 1:22-CV-2462-SEG-JSA, 2023 WL 2908855 (N.D. Ga. Jan.
11, 2023) ................................................................................................7

*In re Acterna Corp. Sec. Litig.*,
378 F. Supp. 2d 561 (D. Md. 2005)......................................................12

*In re BofI Holding, Inc. Sec. Litig.*,
977 F.3d 781 (9th Cir. 2020) ......................................................2, 7, 10

*In re Coca-Cola Enters. Inc. Sec. Litig.*,
   510 F. Supp. 2d 1187 (N.D. Ga. 2007).................................................................5

*In re Ebix, Inc. Sec. Litig.*,
   898 F. Supp. 2d 1325 (N.D. Ga. 2012)..............................................................4, 5

*In re Equifax Inc. Sec. Litig.*,
   357 F. Supp. 3d 1189 (N.D. Ga. 2019)................................................................5

*In re Flowers Foods, Inc. Sec. Litig.*,
   No. 7:16-CV-222 (WLS), 2018 WL 1558558 (M.D. Ga. Mar. 23,
   2018) ....................................................................................................................5

*In re Genius Brands Int'l, Inc. Sec. Litig.*,
   97 F.4th 1171 (9th Cir. 2024) ...............................................................2, 10, 13

*In re Immucor Inc. Sec. Litig.*,
   No. 1:05-CV-2276-WSD, 2006 WL 3000133 (N.D. Ga. Oct. 4,
   2006) ....................................................................................................................5

*In re Scientific-Atlanta, Inc. Sec. Litig.*,
   No. 1:01–CV–1950–RWS, 2003 WL 25740734 (N.D. Ga. Apr. 15,
   2003) .............................................................................................................14, 15

*In re Tasigna (Nilotinib) Prods. Liab. Litig.*,
   No. 6:21-CV-1327, 2022 WL 35930 (M.D. Fla. Jan. 4, 2022) .........................15

*Katyle v. Penn Nat'l Gaming, Inc.*,
   637 F.3d 462 (4th Cir. 2011) ...............................................................................6

*Kiken v. Lumber Liquidators Holdings, Inc.*,
   155 F. Supp. 3d 593 (E.D. Va. 2015) ..................................................................7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...............................................................................6

*Luczak v. Nat'l Beverage Corp.*,
   812 F. App'x 915 (11th Cir. 2020) ......................................................................6

*Mass. Ret. Sys. v. CVS Caremark Corp.*,
   716 F.3d 229 (1st Cir. 2013)................................................................................6

*Maverick Fund, Ltd. v. Mohawk Indus., Inc.*,
   No. 4:21-CV-00118-VMC, 2023 WL 2887603 (N.D. Ga. Mar. 31,
   2023) ..................................................................................................5

*Nakkhumpun v. Taylor*,
   782 F.3d 1142 (10th Cir. 2015) ......................................................6

*Nathanson v. Polycom, Inc.*,
   87 F. Supp. 3d 966 (N.D. Cal. 2015)...........................................11, 12

*Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*,
   830 F.3d 376 (6th Cir. 2016) .......................................................5, 6

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
   774 F.3d 598 (9th Cir. 2014) ..........................................................6

*Patt v. Volkswagen Grp. of Am., Inc.*,
   No. 22-CV-21585-BLOOM, 2023 WL 7523912 (S.D. Fla. Nov.
   14, 2023) ..........................................................................................4

*Phillips v. Scientific-Atlanta, Inc.*,
   374 F.3d 1015 (11th Cir. 2004) .....................................................14

*Prado-Steiman ex rel. Prado v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) .......................................................3

*Ret. Sys. of Miss. v. Mohawk Indus., Inc.*,
   564 F. Supp. 3d 1272 (N.D. Ga. 2021)...........................................5

*Shash v. Biogen, Inc.*,
   84 F.4th 1 (1st Cir. 2023)................................................................6

*Theodore v. Purecycle Techs., Inc.*,
   2022 WL 20157415 (M.D. Fla. Aug. 4, 2022).................................5

**Statutes**

15 U.S.C. §78j(b) ...............................................................1, 4, 13

15 U.S.C. §78t(a) .............................................................................1

28 U.S.C. § 1292(b) ................................................................*passim*

**Rules**

Fed. R. Civ. P. 8(a)..........................................................................................*passim*

Fed. R. Civ. P. 9(b) .........................................................................................*passim*

Fed. R. Civ. P. 15(a)...............................................................................................15

Co-Lead Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' motion for interlocutory review pursuant to 28 U.S.C. § 1292(b).

## I.   INTRODUCTION

In seeking to dismiss the Amended Complaint ("AC"), Defendants argued in a footnote that Plaintiffs' loss causation allegations are subject to the particularity requirement of Federal Rule of Civil Procedure ("Rule") 9(b), rather than Rule 8(a).[1] The Court denied the motion to dismiss in part, ruling that the AC adequately alleged securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

Defendants now contend that the Court's application of Rule 8(a)'s pleading standard to Plaintiffs' loss causation allegations renders this case "one of the rare exceptions" justifying immediate appeal to the Eleventh Circuit. *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-CV-41-FTM-38MRM, 2018 WL 3656472, at *2 (M.D. Fla. Aug. 2, 2018) (citation omitted). It does not. Defendants' Motion to certify the Court's Order for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied because Defendants do not identify a controlling question of pure law as to which

---

[1] The Amended Complaint is Dkt. No. 39. "Motion" or "Mot." refers to Defendants' memorandum of law in support of their motion for interlocutory appeal. Dkt. No. 56-1. "Order" refers to the Court's Order denying Defendants' motion to dismiss the Amended Complaint. Dkt. No. 55.

there is a substantial difference of opinion and which, if resolved, would materially advance the ultimate termination of this litigation.

*First*, the Court correctly applied Rule 8(a). In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005), the Supreme Court assumed that Rule 8(a) applies to loss causation allegations for private 10(b) claims, and nearly every district court in this Circuit has followed the Supreme Court's guidance.

*Second*, regardless of whether Rule 8(a) or Rule 9(b) applies to Plaintiffs' loss causation allegations, the AC adequately pleads loss causation because it provides "some indication of the loss and the causal connection that the plaintiff has in mind." *Dura*, 544 U.S. at 347. "Even under Rule 9(b) the plaintiff's allegations will suffice so long as they give the defendant 'notice of plaintiffs' loss causation theory' and provide the court 'some assurance that the theory has a basis in fact.'" *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 794 (9th Cir. 2020) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989–90 (9th Cir. 2008)). The AC alleges a disclosure that revealed the falsity of Defendants' misstatements and resulted in a decline in the price of the stock at issue, injuring investors. This is sufficient under Rule 9(b). Therefore, a ruling by the Eleventh Circuit that Rule 9(b) applies will not advance or even narrow the litigation.

*Third*, the requested interlocutory review does not pose a pure question of law. Instead, it presents a fact-intensive "context-dependent inquiry" that would require

the Eleventh Circuit to delve into Plaintiffs' factual allegations. *See In re Genius Brands Int'l, Inc. Sec. Litig.*, 97 F.4th 1171, 1184 (9th Cir. 2024) (citation and internal quotation marks omitted). Indeed, whether, and when, a Plaintiff must plead facts regarding the "numerous factors" listed in Defendants' Motion—including minute-by-minute allegations concerning the release of information to the market and changes in the price of the security at issue, or identifying an appropriate market index against which to compare those price changes—are fact-intensive, and they are not questions as to which there is a difference of opinion justifying interlocutory review.

*Finally*, immediate appeal will not materially advance this litigation. The Eleventh Circuit has made clear that "interlocutory appeals are inherently 'disruptive, time-consuming, and expensive,' and consequently are generally disfavored." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (internal citation omitted). This action has already been pending for over a year, and "[i]t strains credulity to argue an interlocutory appeal of this matter would expedite litigation." *Cont'l 332 Fund*, 2018 WL 3656472, at *4. Defendants have failed to carry their burden to establish "that the case is one of the rare exceptions" justifying departure from the policy disfavoring piecemeal appeals. *Id.* at *2 (citation omitted). The Motion should be denied.

3

## II.   ARGUMENT

### A.   Legal Standard

A district court has discretion to certify a question for appeal pursuant to § 1292(b) only when the court's opinion (i) "involves a controlling question of law" (ii) "as to which there is substantial ground for difference of opinion" and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *Patt v. Volkswagen Grp. of Am., Inc.*, No. 22-CV-21585-BLOOM, 2023 WL 7523912, at *2 (S.D. Fla. Nov. 14, 2023) (citation omitted). This is a "high threshold," and "[m]ost interlocutory orders do not meet this test." *Id.* (citation omitted). "Further, the Court of Appeals for the Eleventh Circuit considers liberal use of § 1292(b) to be bad policy, as it may promote piecemeal appeals." *Id.* "Accordingly, § 1292(b) certification is only proper 'in exceptional cases where decision of the appeal may avoid protracted and expensive litigation where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided.'" *Id.* (citation omitted).

### B.   The Weight of Authority Agrees with This Court's Holding That Rule 8(a)(2) Applies to Loss Causation Allegations.

"The loss causation element of Rule 10b-5 claims requires a showing that a defendant's fraud was the but-for and proximate cause of the plaintiff's losses." *In*

*re Ebix, Inc. Sec. Litig.*, 898 F. Supp. 2d 1325, 1347 (N.D. Ga. 2012). In *Dura*, the Supreme Court stated that "we assume, at least for argument's sake, that neither the Rules nor the securities statutes impose any special further requirement in respect to the pleading of proximate causation or economic loss." 544 U.S. at 346. The Supreme Court emphasized that this is "not meant to impose a great burden upon a plaintiff," and "it should not prove burdensome for a plaintiff who has suffered an economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Id*. at 347 (citation omitted).

Since *Dura*, virtually every court in this circuit has applied Rule 8(a) to loss causation allegations. *See, e.g.*, *Maverick Fund, Ltd. v. Mohawk Indus., Inc.*, No. 4:21-CV-00118-VMC, 2023 WL 2887603, at *6 (N.D. Ga. Mar. 31, 2023); *Theodore v. Purecycle Techs., Inc.*, 2022 WL 20157415, at *16 n.21 (M.D. Fla. Aug. 4, 2022); *Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus., Inc.*, 564 F. Supp. 3d 1272, 1307 (N.D. Ga. 2021); *In re Equifax Inc. Sec. Litig.*, 357 F. Supp. 3d 1189, 1248 (N.D. Ga. 2019); *In re Flowers Foods, Inc. Sec. Litig.*, No. 7:16-CV-222 (WLS), 2018 WL 1558558, at *18 n.33 (M.D. Ga. Mar. 23, 2018); *Ebix*, 898 F. Supp. 2d at 1347; *In re Coca-Cola Enters. Inc. Sec. Litig.*, 510 F. Supp. 2d 1187, 1203 (N.D. Ga. 2007); *In re Immucor Inc. Sec. Litig.*, No. 1:05-CV-2276-WSD, 2006 WL 3000133, at *20 (N.D. Ga. Oct. 4, 2006). Indeed, Defendants do not cite a single court in the Eleventh Circuit that has held otherwise.

5

The Fifth and Sixth Circuits agree with this weight of authority. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009); *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 384 (6th Cir. 2016). The First, Second, and Tenth Circuits have been presented with the question but found it unnecessary to resolve. *Mass. Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229, 239 n.6 (1st Cir. 2013); *Shash v. Biogen, Inc.*, 84 F.4th 1, 19 n.15 (1st Cir. 2023) (again declining to resolve question); *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 179 n.65 (2d Cir. 2020); *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1153-54 (10th Cir. 2015). So, of course, has the Eleventh Circuit. *Luczak v. Nat'l Beverage Corp.*, 812 F. App'x 915, 920 (11th Cir. 2020).

Defendants point to only two circuits, the Fourth and the Ninth, that have held that Rule 9(b) applies to loss causation allegations in a private 10(b) action. *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). However, the Fourth Circuit's holding that loss causation must be alleged with "'sufficient specificity,' a standard *largely consonant* with Fed. R. Civ. P. 9(b)," is far less definitive than characterized by Defendants. *Katyle*, 537 F.3d at 471 (emphasis added). Indeed, Defendants' own authority makes clear that, under the Fourth Circuit's "specificity" standard, "[w]ith respect to loss causation, 'so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best

6

reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds.'" *Kiken v. Lumber Liquidators Holdings, Inc.*, 155 F. Supp. 3d 593, 609 (E.D. Va. 2015) (citation omitted).

Further, the Ninth Circuit—the only circuit Defendants cite that definitively holds that Rule 9(b) applies to loss causation allegations—has emphasized that "[w]hen applied to allegations of loss causation, however, Rule 9(b)'s particularity requirement usually adds little to the plaintiff's burden." *BofI*, 977 F.3d at 794. The Ninth Circuit reiterated that "even under Rule 9(b) the plaintiff's allegations will suffice so long as they give the defendant 'notice of plaintiffs' loss causation theory' and provide the court 'some assurance that the theory has a basis in fact.'" *Id.* (citation omitted). Even if the position of these two circuits establishes "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), it does not justify interlocutory appeal. Defendants' motley collection of district court cases does not change that.

**C.     The AC Adequately Pleads Loss Causation Under Rule 9(b).**

The AC adequately pleads loss causation under Rule 9(b). Indeed, implicitly recognizing that the choice between Rule 8(a) and Rule 9(b) is of no consequence here, Defendants relegated their argument in favor of Rule 9(b) to a single footnote (Dkt. No. 49-1 at 26 n.8) and thus waived it. *Horne v. Ameris Bank*, No. 1:22-CV-2462-SEG-JSA, 2023 WL 2908855, at *4 (N.D. Ga. Jan. 11, 2023) ("The Court,

however, need not consider any argument set forth only in a footnote, and considers this argument to be waived."), *report and recommendation adopted*, No. 1:22-CV-2462-SEG-JSA, 2023 WL 2908838 (N.D. Ga. Feb. 13, 2023); *Duncan v. Rushmore Loan Mgmt. Servs., LLC*, No. 6:20-CV-1524-CEM-GJK, 2021 WL 8774248, at *5 (M.D. Fla. Sept. 30, 2021); *Futrell v. Southeastrans, Inc.*, No. 120CV04674WMRRDC, 2021 WL 2547660, at *4 (N.D. Ga. Apr. 1, 2021), *report and recommendation adopted*, No. 120CV04674WMRRDC, 2021 WL 2548697 (N.D. Ga. Apr. 22, 2021). That waiver alone justifies denial of Defendants' request for interlocutory appeal.

Moreover, as the Court observed in denying Defendants' motion to dismiss the AC on loss causation grounds, "[t]he Supreme Court has acknowledged that 'market efficiency is a matter of degree' and has not adopted 'any particular theory of how quickly and completely publicly available information is reflected in market price.'" Order at 32 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 272 (2014)). Whether loss causation allegations in a securities fraud case must satisfy Rule 9(b) will not advance or narrow this litigation because the AC satisfies the Supreme Court's requirement that private 10(b) plaintiffs provide "some indication of the loss and the causal connection that the plaintiff has in mind." *Dura*, 544 U.S. at 347.

8

In support of their motion to dismiss, Defendants argued that the AC failed to adequately allege loss causation, contending that "Plaintiffs must show the exact time that CFPB news hit the market, and the price must have fallen immediately," and that "GPN's stock price temporarily rose after a Bloomberg Law post about the CFPB complaint was released during the afternoon of October 18, 2022." *See* Order at 31.[2]  The Court rejected those arguments, pointing to the AC's allegations that "the market learned of the CFPB complaint during the trading day on October 18, 2022," "GPN's stock declined from its opening price of $115.00 that day to $113.67 by closing (a 1.17% decline), in response to news about the CFPB complaint," and "GPN's stock price declined by another dollar the following day (a .88% decline)." *Id.* at 31. "At this stage, Plaintiffs' allegations are sufficient because, taken as true, they show that GPN's stock price fell after the corrective disclosure." *Id*.

Defendants provide a laundry list of "numerous factors courts can consider to determine whether, in a given case, loss causation is adequately pled under Rule 9(b)." Mot. at 9. These fact-intensive questions include, "for example," (1) whether there is a minimum price decline required to allege loss causation, (2) whether a plaintiff must make minute-by-minute allegations concerning the dissemination of

---

[2] Defendants also argued that the CFPB news was insufficient because "[i]t is well settled in the Eleventh Circuit that an announcement about a regulatory investigation or lawsuit, like the CFPB complaint, is not a corrective action," but that argument "mischaracterize[d] the Eleventh Circuit cases that Defendants rely on." Order at 29.

information to market participants, and changes in the price of the security at issue, (3) whether a plaintiff must plead reactions from specific market participants, such as securities analysts, and (4) whether a plaintiff must, at the pleading stage, identify a stock index and identify how the security at issue performed relative to that index or the security's historical trading patterns. Mot. at 10.[3]

But both Defendants and the cases they rely on acknowledge that none of these factors must be considered, reflecting the "context-dependent" nature of the loss causation inquiry, especially at the pleading stage. *Genius Brands*, 97 F.4th at 1184 (citation omitted). For instance, Defendants raise the question of whether a stock price declined "promptly after the release of corrective information" (Mot. at 10), but the Ninth Circuit case they cite held that "timing is not dispositive." *BofI*, 977 F.3d at 790. This is consistent with the Supreme Court guidance cited by this Court. Order at 32 (citing *Halliburton*, 573 U.S. at 272).

Additionally, Defendants provide no authority establishing that the Court must assess "how market participants like stock analysts reacted to the news." Mot. at 10. The case Defendants cite did *not* find that allegations concerning analyst

---

[3] Defendants also raise the issue of "the degree of overlap between the alleged corrective disclosures and the alleged misrepresentations," Mot. at 10, but they cannot credibly dispute that the CFPB's detailed allegations of a years-long consumer deception scheme revealed the falsity of their statement that GPN was "currently in compliance *in all material respects* with existing legal and regulatory requirements." Order at 2-3.

reactions were required. Rather, after stating that "the Court can find no support [in] Ninth Circuit precedent for [Defendant's] contention that Plaintiff must isolate what portion of the stock drop was caused by the revelation [of] the alleged fraud as opposed to" other factors, that court observed that "analyst responses quoted in the Complaint suggests that the market was responding to the disclosure of … misconduct." *Nathanson v. Polycom, Inc.*, 87 F. Supp. 3d 966, 985 (N.D. Cal. 2015). Here, analysts *did* react to the CFPB lawsuit and observed that regulatory scrutiny was a key issue for GPN. *See* Declaration of Jonathan D. Park, Ex. 1 at 1 ("CFPB sues Global Payments Unit"); Ex. 2 at 4 ("[T]he CFPB sued Global Payments' ACTIVE Network (a company acquired by Global several years ago."); Ex. 3 at 7 ("prospect of increased litigation and/or regulatory activity pose the greatest risks to our price target"); Ex. 4 at 3 ("changes in the regulatory backdrop … could adversely impact financials").

Further, *Nathanson v. Polycom*'s holding that a plaintiff need not "isolate what portion of the stock drop was caused by the revelation the alleged fraud," 87 F. Supp. 3d at 985, disposes of Defendants' argument that the Court must decide "whether the stock price decline was abnormal in comparison with the broader market or that security's historical trading patterns," Mot. at 10. That, of course, is an intensely factual question ill-suited to resolution on the pleadings, especially for

11

interlocutory review.[4] Indeed, while Defendants proffer extraneous documents concerning the S&P 500 Index, they do not even attempt to explain why this non-industry-specific index is an appropriate comparator. Further, the chart on which Defendants rely clearly shows that GPN's share price was *below* Defendants' chosen index during the days at issue, and the reasons for this cannot be determined at this juncture. Mot. at 13. For that matter, Defendants themselves have not established the time of day when the CFPB complaint was filed, when the CFPB issued its press release and statement, and when this information spread to market participants—they point only to when information was added to a legal news database. Mot. at 11-12. "If, as [defendants] argue, there are alternative causes for the losses of which Plaintiff complains, that is an issue for resolution in the later stages of this case." *Nathanson*, 87 F. Supp. 3d at 985.

---

[4] *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561 (D. Md. 2005) is plainly inapposite. There, the plaintiffs "merely allege that Defendants' purported misstatements and/or omissions artificially inflated the value of Acterna's stock price, but fail to allege any economic loss proximately caused by Defendants." *Id.* at 586. Further, the plaintiffs alleged that "the price of Acterna's common stock had already fallen" *before* the alleged corrective disclosure, leading to the Court's finding that the price decline was caused by other factors. *Id.* at 588. The statement in *Carey Camp v. Qualcomm Inc.* that "securities complaints *tend* to be predicated on double digit declines" does not set forth a rule binding this Court. 2020 WL 1157192, at *6 (S.D. Cal. Mar. 10, 2020) (emphasis added).

**D.    Defendants' Motion Poses Mixed Questions of Law and Fact Rather Than A Pure Issue of Law**

Finally, though Defendants frame the question for interlocutory review as whether "the loss causation element of the plaintiff's claim [is] subject to the pleading requirements of Rule 9(b)" in a private securities fraud action under Section 10(b), their Motion makes clear that the requested appellate review would not be limited to a pure issue of law concerning general standards for pleading loss causation in private 10(b) cases. Rather, the requested interlocutory review presents the highly fact-intensive questions discussed above in a "context-dependent inquiry." *Genius Brands*, 97 F.4th at 1184 (citation and internal quotation marks omitted); *see also Eastwood Enters., LLC v. Farha*, No. 807-CV-1940-T-33EAJ, 2009 WL 3157668, at *5 (M.D. Fla. Sept. 28, 2009) ("[L]oss causation is a fact-based inquiry that is generally not proper to resolve on a motion to dismiss."). This would involve the circuit court wading through Plaintiffs' factual allegations concerning loss causation, as well as making highly technical factual determinations regarding when information was released to the market, which is the appropriate stock index to measure market price reactions, and whether analysts reacted to the alleged corrective disclosure.

Further, though Defendants would ask the Eleventh Circuit to address those "numerous factors" at the pleading stage, Defendants offer no authority that there is a substantial difference of opinion as to whether, when, and how such facts must be

13

alleged. For instance, Defendants do note cite a single case for the proposition that a private 10(b) plaintiff must allege down to the minute when corrective information was first made public, or must allege more than opening and closing trading prices (as is common in securities fraud actions). To the contrary, Defendants' authorities applying Rule 9(b) to loss causation allegations are clear that it is a flexible, "context-dependent inquiry" in which any number of factors may carry more or less weight. *Genius Brands*, 97 F.4th at 1184 (citation and internal quotation marks omitted).

Defendants seek to present an expansive, fact-intensive issue to the Eleventh Circuit, which is inappropriate under § 1292(b).[5]

### E.   Interlocutory Appeal Would Not Advance This Litigation.

Interlocutory appeal is only appropriate if it "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b), meaning it "promises to advance the time for trial or shorten the time required for trial." *In re Scientific-Atlanta*, 2003 WL 25740734, at *1 (citation omitted). Generally, "interlocutory

---

[5] Moreover, Defendants may "attempt[] to parlay the appeal into a much broader review of the district court." *Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1015–16 (11th Cir. 2004). In that case, after defendants secured permission for an interlocutory appeal on one issue, they sought appellate review of another question as to which the district court had *denied* their § 1292(b) motion. *In re Scientific-Atlanta, Inc. Sec. Litig.*, No. 1:01–CV–1950–RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003). The Eleventh Circuit affirmed the district court, so appeal did not advance the termination of the litigation. *Phillips*, 374 F.3d at 1019.

appeals of denials of a motion to dismiss are less likely to advance the ultimate termination of litigation because the Court must assume that all the facts alleged in the complaint are true." *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) (citation omitted).

Defendants fail to show that immediate appeal would advance this litigation. First, immediate appeal would not advance the litigation because, even if the Eleventh Circuit exercised its discretion to hear the appeal and ruled that a Rule 9(b) applied to the loss causation element of a private 10(b) claim, the AC passes muster. Second, "[s]hould Defendants' Motion be granted, this matter would then progress toward appellate litigation. If Defendants were to prevail there, the matter would merely be reset here." *Cont'l 332 Fund*, 2018 WL 3656472, at *4. This is because, even if the Eleventh Circuit held that Rule 9(b) applied and this Court, on remand, held that Plaintiffs' allegations were insufficient, leave to amend would be appropriate. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also In re Scientific-Atlanta*, 2003 WL 25740734, at *5 (denying interlocutory appeal because "[e]ven if the Court had found that Plaintiffs' allegations … were insufficient, dismissal of the complaint would have been improper. Instead, the Court would have allowed Plaintiffs to amend their complaint to properly state a claim."); *In re Tasigna (Nilotinib) Prods. Liab. Litig.*, No. 6:21-CV-1327, 2022 WL 35930, at *1 (M.D. Fla. Jan. 4, 2022) ("[C]ertifying this issue

15

would stall rather than advance the litigation, as Plaintiff would likely be permitted to amend to cure any pleading deficiencies . . . .").

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: May 2, 2024                    **POMERANTZ LLP**

_s/ Jonathan D. Park_

Jeremy A. Lieberman
(Admitted *Pro Hac Vice*)
Jonathan D. Park
(Admitted *Pro Hac Vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel to Co-Lead Plaintiff William Jeffrey Igoe and Co-Lead Counsel for the Class*

**EVANGELISTA WORLEY, LLC**
James M. Evangelista
500 Sugar Mill Road, Suite 245A
Atlanta, GA 30350
Telephone: (404) 205-8400
jim@ewlawllc.com

16

*Counsel to Co-Lead Plaintiff William Jeffrey Igoe and Liaison Counsel for the Class*

**LOWEY DANNENBERG, P.C.**
Vincent Briganti
vbriganti@lowey.com
(Admitted *Pro Hac Vice*)
Andrea Farah
afarah@lowey.com
(Admitted *Pro Hac Vice*)
Alesandra Greco
agreco@lowey.com
(Admitted *Pro Hac Vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: 914/997-0500

*Counsel to Co-Lead Plaintiffs Mike Shafer and David Keating and Co-Lead Counsel for the Class*

17

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.

*/s/ Jonathan D. Park*

JONATHAN D. PARK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

*/s/ Jonathan D. Park*

JONATHAN D. PARK