## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,

Defendants.

Case No. 1:23-cv-00577-LMM

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated June 10, 2024 ("Stipulation" or "Settlement Agreement"), is entered into by and among (i) co-lead plaintiffs Mike Shafer, David Keating, and William Jeffrey Igoe ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below in ¶ 1(uu)), and (ii) defendant Global Payments Inc. ("Global Payments" or the "Company"), defendant Active Network, LLC ("Active"), and defendants Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Individual Defendants," and together with Global Payments and Active, the "Defendants"), and embodies the terms and conditions of the settlement of the

1

above-captioned action (the "Action").[1] Co-Lead Plaintiffs and Defendants are referred herein as the "Parties." Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.    On February 8, 2023, Mike Shafer filed a putative class action complaint styled as *Shafer v. Active Network, LLC, et al.*, No. 1:23-cv-0577, alleging violations of federal securities laws against Active, Global Payments, Jeff Sloan, Cameron Bready, Paul Todd, and Josh Whipple in the United States District Court for the Northern District of Georgia. Doc. No. 1.

B.    By Order dated May 11, 2023, the Court appointed William Jeffrey Igoe and "The Investor Group" (consisting of Mike Shafer and David Keating) as Co-Lead Plaintiffs and approved Co-Lead Plaintiffs' selection of Jeremy A. Lieberman, Jonathan Park, and Lauren Molinaro of Pomerantz LLP, and Vincent Briganti, Andrea Farah and Alesandra Greco from Lowey Dannenberg, P.C. as Co-

---

[1]   All terms with initial capitalization not otherwise defined in this paragraph shall have the meanings ascribed to them in ¶ 1 herein.

Lead Counsel, and James Evangelista of Evangelista Worley, as Liaison Counsel. Doc. No. 29.

C.    On June 26, 2023, Co-Lead Plaintiffs filed the Complaint and served it on all Defendants with the exception of Andrea Facini. Doc. No. 39. The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleged that Defendants made materially false and misleading statements during the Class Period about: (i) Active and the Company's trade practices; (ii) Active and the Company's legal and regulatory compliance; and (iii) Active and the Company's revenue and financial performance. The Complaint further alleged that the price of the Company's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.    On July 7, 2023, Co-Lead Plaintiffs served the Complaint on Defendant Andrea Facini. Doc. No. 44.

E.    On August 17, 2023, Defendants filed and served a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss"), accompanied by a brief, attorney declaration, and exhibits thereto. Doc. No. 49.

F.    On October 16, 2023, Co-Lead Plaintiffs filed and served a memorandum of law in opposition to the Motion to Dismiss. Doc. No. 52.

G.    On November 15, 2023, Defendants filed and served a reply brief, attorney declaration, and exhibits thereto in further support of the Motion to Dismiss. Doc. No. 53.

H.    By Order dated March 29, 2024, the Court granted in part and denied in part the Motion to Dismiss, including sustaining Co-Lead Plaintiffs' allegations regarding Defendants' allegedly false and misleading statements regarding the Company's legal and regulatory compliance. Doc. No. 55.

I.    On April 18, 2024, Defendants filed and served a motion to certify question presented by the Court's March 29, 2024 order for interlocutory review pursuant to 28 U.S.C. § 1292(b) (the "Motion for Interlocutory Review"), and a memorandum of law in support thereof. Doc. No. 56.

J.    On May 2, 2024, Co-Lead Plaintiffs filed and served a memorandum of law in opposition to the Motion for Interlocutory Review, accompanied by an attorney declaration and exhibits thereto. Doc. No. 57.

K.    On May 13, 2024, Defendants filed and served an answer and defenses to the Complaint. Doc. No. 58.

L.    On May 14, 2024, Defendants filed and served a reply memorandum of law in support of the Motion for Interlocutory Review. Doc. No. 59.

M.    Also on May 14, 2024, Co-Lead Counsel contacted Defendants'
Counsel to schedule a conference to discuss a joint preliminary report and scheduling
plan to be filed pursuant to Federal Rule of Civil Procedure 26(f). The Parties
scheduled that conference for May 23, 2024.

N.    Following the issuance of the March 29, 2024 Order granting in part
and denying in part the Motion to Dismiss, the Parties discussed the possibility of
resolving the case through settlement. These discussions continued for a number of
weeks. As these discussions appeared likely to result in an agreement to resolve the
Action, the Parties began negotiating the terms of a term sheet memorializing such
agreement on May 20, 2024.

O.    On May 21, 2024, the Parties reached an agreement to resolve the
Action for a settlement amount of $3,600,000 in cash. The Parties completed
negotiating the term sheet memorializing this agreement, which was signed that
same day by Co-Lead Counsel on behalf of Co-Lead Plaintiffs and by Defendants'
Counsel on behalf of Defendants, subject to certain terms and conditions, including
the execution of a formal, final stipulation of settlement and related papers (the
"Term Sheet"). The agreement to settle was further conditioned on Court approval
of the Settlement.

P.    This Stipulation (together with the exhibits hereto and the
Supplemental Agreement) has been duly executed by the undersigned signatories on

behalf of their respective clients, and reflects the final and binding agreement between and among the Parties.

Q.    In recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties to this Stipulation desire to settle and resolve any and all actual or potential Released Claims by or between the Releasees.

R.    Based upon their investigation and prosecution of the case, Co-Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Co-Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Co-Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Co-Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Co-Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

S.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Throughout the pendency of this Action, Defendants have denied, and continued to deny, any and all allegations of fault, liability,

wrongdoing, or damages whatsoever. Defendants expressly have denied and continue to deny that they have committed any act or omission giving rise to any liability under Sections 10(b) or 20(a) of the Exchange Act. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Co-Lead Plaintiffs in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Co-Lead Plaintiffs or the Settlement Class has suffered any damage, or that Co-Lead Plaintiffs or the Settlement Class was harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Neither the Settlement nor any of the terms of this Stipulation shall in any event be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have asserted. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Similarly, this Stipulation shall in no event be construed or deemed to be evidence

of or an admission or concession on the part of Co-Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Co-Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled, released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Active" means Active Network, LLC.

(b)      "Action" means the securities action in the matter styled *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM.

(c)    "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(d)    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should the Claimant seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)    "Claims Administrator" means A.B. Data., Ltd., the firm retained by Co-Lead Counsel, subject to the approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)    "Class Period" means the period from October 31, 2019 through October 18, 2022, inclusive.

(k)    "Co-Lead Counsel" means the law firms Pomerantz LLP and Lowey Dannenberg, P.C.

(l)    "Co-Lead Plaintiffs" means Mike Shafer, David Keating, and William Jeffrey Igoe.

(m)    "Complaint" means the Amended Class Action Complaint filed by Co-Lead Plaintiffs in the Action on June 6, 2023.

(n)    "Court" means the United States District Court for the Northern District of Georgia.

(o)    "Defendants" means Global Payments, Active, and the Individual Defendants.

(p)    "Defendants' Counsel" means King & Spalding LLP.

(q)    "Defendants' Releasees" means Defendants and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors,

accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

(r)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 35 of this Stipulation have been met and have occurred or have been waived.

(s)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

(t)    "Escrow Agent" means The Huntington National Bank.

(u)    "Escrow Agreement" means the agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after

entry of the judgment or order, without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if there is an appeal taken from the judgment or order, immediately after (a) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise, such that no further judicial review or appeal is permitted, whether by reason of affirmation by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of this Stipulation, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(w)    "Global Payments" or the "Company" means Global Payments Inc.

(x)    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law,

daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a domestic relationship or civil union.

(y)     "Individual Defendants" means Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini.

(z)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which include the costs and expenses of Co-Lead Plaintiffs directly related to its representation of the Settlement Class), for which Co-Lead Counsel intends to apply to the Court for reimbursement or payment from the Settlement Fund.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes, (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be published as set forth in the Preliminary Approval Order.

(dd)    "Notice of Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with (i) providing notices to the Settlement Class, and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)    "Officer" means any officer as that term is defined in Rule 16a-1(f) promulgated under the Exchange Act.

(ff)    "Parties" means Defendants and Co-Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(gg)    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

(hh)    "Plaintiffs' Counsel" means Co-Lead Counsel and Evangelista Worley, LLC, counsel for Co-Lead Plaintiff William Jeffrey Igoe and Liaison Counsel for the Settlement Class.

(ii)    "Plaintiff's Releasees" means Co-Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

(jj)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Funds set forth in the Notice.

(kk)    "Postcard Notice" means the notice, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ll)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes, and directing that notice of the Settlement be provided to the Settlement Class.

(mm)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

15

(nn)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)  "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(pp)  "Released Plaintiffs' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not

limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that (i) Co-Lead Plaintiffs or any other member of the Settlement Class: (A) asserted in any of the complaints filed in the Action; or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions or failures to act that were involved, set forth, or referred to in any of the complaints or documents and other discovery in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment, and (ii) arise out of or relate to the purchase, acquisition, or sale of publicly-traded Global Payments common stock during the Class Period.

(qq)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ss) "Settlement" means the settlement between the Co-Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(tt) "Settlement Amount" means $3,600,000 in cash.

(uu) "Settlement Class", for settlement purposes only, means all persons who purchased or otherwise acquired publicly-traded Global Payments common stock during the Class Period, and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the Settlement Class are any persons who submit a request for exclusion from the Settlement Class that is approved by the Court.

(vv) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ww) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(aaa) "Unknown Claims" means any Released Plaintiffs' Claims which Co-Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and

agree that, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a

breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Co-Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## STIPULATION OF CLASS CERTIFICATION

2.     Solely for the purposes of this Settlement, the Parties stipulate to the certification of a Settlement Class (as defined in ¶ 1(uu)), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment, or, if applicable, Alternative Judgment, contemplated by this Stipulation becomes Final and the Effective Date occurs. Defendants' stipulation to the certification of the Settlement Class is not and shall not be construed as evidence or an admission that any non-Settlement Class is or would have been consistent with Rule 23 of the Federal Rules of Civil Procedure and is without prejudice to their right to contest class certification if the Settlement: ( a) is not approved by the Court; (b) is terminated; or (c) fails to become effective for any reason.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Within ten (10) calendar days of execution of this Stipulation, Co-Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the

Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of, inter alia, final approval of the Settlement and Plaintiffs' Counsel's application for an award of reasonable attorneys' fees and Litigation Expenses, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Co-Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.    The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants'

Releasees, and shall covenant not to, and shall forever be barred and enjoined from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Co-Lead Plaintiffs and the other Plaintiffs' Releasees, and shall covenant not to, and shall forever be barred and enjoined from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or in the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.    In full and final settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶ 5 herein, Defendants shall cause the Settlement Amount to be deposited into the Escrow Account no later than twenty (20) business days after the date of entry by the Court of an order preliminarily approving this Settlement, provided that Co-Lead Counsel has first provided Defendants' Counsel with (a) a W-9 for the Escrow Account, and (b) wire or check mailing instructions for payment to the Escrow Account.

9.    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶ 8 herein, Defendants and their counsel shall have no obligation to make any other payments into the Settlement Fund pursuant to this Stipulation, and shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision distribution of any portion of the Settlement Amount.

## USE OF SETTLEMENT FUND

10.    The Settlement Fund shall be used to pay (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-33 below.

11.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the

United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants' Releasees and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B(k)) for the Settlement Fund. Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Co-Lead Counsel, as administrators of the Settlement Fund within the meaning

of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection herewith.

13.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Co-Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees and their counsel shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the payment of Taxes, as described herein. The Settlement Fund shall indemnify and hold each of Defendants' Releasees and their counsel harmless for any Taxes (including, without limitation, Taxes payable by reason of any such indemnification.

14.    The Settlement is not a claims-made settlement; there will be no reversion of settlement funds to the Defendants or any person or entity who or which funded the Settlement Amount if the settlement becomes Final.

15.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, reasonable Notice and Administration Costs actually incurred and paid or payable up to a sum of $300,000. Prior to the Effective Date, Notice and Administration Costs in excess of $300,000 shall be paid from the Settlement Fund subject to prior approval from the Court. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administrating the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

16.    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed

or vacated or materially altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Costs or Taxes paid, incurred, or due and owing pursuant to ¶¶ 13 and 15 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶ 37 herein.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.    Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Co-Lead Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for reimbursement of Co-Lead Plaintiffs' costs and expenses directly related to its representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Co-Lead Counsels' application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Co-Lead Plaintiffs other than what is set forth in this Stipulation.

18.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs'

Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel, including their partners and shareholders, shall make the appropriate refund or repayment in full no later than twenty calendar (20) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Any refunds required pursuant to this paragraph shall be the several obligation of Plaintiffs' Counsel, including their partners and/or shareholders.

19.    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for an award of attorneys' fees and/or Litigation Expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Neither Co-Lead Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees

and/or Litigation Expenses. Any order or proceeding relating to any fee or expense application, or any appeal from any order relating thereto or reversal or modification hereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.

20.    Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation, payment, or award of attorneys' fees or Litigation Expenses to Plaintiffs' Counsel. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.    As part of the Preliminary Approval Order, Co-Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Global Payment's obligation to provide its securities holders records as provided in ¶ 22 below, none of the Defendants, nor

any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the dissemination of the Notice, Claim Form, and Summary Notice, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Co-Lead Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to provide notice of Settlement to the members of the Settlement Class, as may be identified through reasonable effort, through the publication of the Notice and by mailing the Postcard Notice. Co-Lead Counsel shall cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Global Payment shall provide or cause to be provided to Co-Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator) a list

(consisting of names, mailing addresses, and email addresses, if available) of the holders of Global Payment common stock during the Class Period in electronic format, such as Excel.

23.    No later than ten (10) calendar days following the filing of this Stipulation with the Court (the "CAFA Notice Date"), Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties will request that the Settlement Hearing not be scheduled until at least 90 days following the CAFA Notice Date.

24.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

25.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Co-Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any responsibility for, interest in, involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation, the determination, administration or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith. No Person shall have any claim of any kind whatsoever against Defendants, Defendants' Releasees, or Defendants' Counsel with respect to the matters set forth in ¶¶ 21-33 hereof; and the Settlement Class Members, Co-Lead Plaintiffs, and Plaintiffs' Counsel release Defendants and Defendants' Releasees from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

26.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will

otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

27.    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment. Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

28.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic

form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)      All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof

by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

29.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

30.    Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of

the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

32.    No person or entity shall have any claim against Co-Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator, or any other agent designated by Co-Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Co-Lead Plaintiffs and Defendants, and their respective counsel, and Co-Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims,

shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

34.    If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

35.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Co-Lead Plaintiffs have not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

36.     Upon the occurrence of all of the events referenced in ¶ 35 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

37.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Co-Lead Plaintiffs exercises their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Co-Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 21, 2024.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 37 and ¶¶ 15, 16, 18, 41, 62 and 63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Co-Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Co-Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.

38.    It is further stipulated and agreed that Defendants, provided they unanimously agree, and Co-Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve this Stipulation or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court, and the provisions of ¶ 37 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

39.    In addition to the grounds set forth in ¶ 37 above, Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement

in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Co-Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Co-Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

40.    In addition to the grounds set forth in ¶ 37 above, Co-Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the entire Settlement Amount has not been timely paid as provided for in ¶ 8 above, but only if (a) Co-Lead Counsel as notified Defendants' Counsel in writing of Co-Lead Plaintiffs' intent to terminate, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Co-Lead Counsel has provided such written notice.

## NO ADMISSION OF WRONGDOING

41.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegations by Co-Lead Plaintiffs or any member of the Settlement Class or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims

are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

42.     All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or

46

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

43.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

44.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Co-Lead Plaintiffs, Co-Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the

Parties shall be restored to their respective positions in the litigation as provided in ¶ 37 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 37.

45.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Co-Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and no Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated over the course of several weeks at arm's length and in good faith by the Parties and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Similarly, while retaining their right to deny that the defenses asserted in the Action were meritorious, Co-Lead Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was defended in bad faith, nor will they deny that the Action was defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Co-Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

47.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Co-Lead Plaintiffs and Defendants (or their successors-in-interest).

48.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

50.    Defendants and/or Defendants' Releasees may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

51.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Co-Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

53.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

54.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

55.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Georgia without regard to

conflicts of laws, except to the extent that federal law requires that federal law govern.

56.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59.    Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

60.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Co-Lead Counsel: | Pomerantz LLP<br>Attn:  Jeremy A. Lieberman<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com |
| | Lowey Dannenberg<br>Attn:  Vincent Briganti<br>44 South Broadway, Suite 1100<br>White Plains, New York 10601<br>Telephone: (914) 997-0500<br>Email: vbriganti@lowey.com |
| If to Defendants or Defendants' Counsel: | King & Spalding LLP<br>Attn:  Benjamin Lee<br>1180 Peachtree Street, NE, Suite 1600<br>Atlanta, Georgia 30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br>Email: blee@kslaw.com |

61.    Except as otherwise provided herein, each Party shall bear its own fees and costs.

62.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and

their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

63.    All agreements made and orders entered during the course of this Action relating to confidentiality of information shall survive this Settlement.

64.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

65.    Pending final determination of whether the Settlement should be approved, all proceedings in this Action shall be stayed all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against Defendants or any Defendants' Releasees.

*[signature pages follow]*

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation

to be executed, by their duly authorized attorneys, as of June 10, 2024.

**POMERANTZ LLP**

Jeremy A. Lieberman
(Admitted *Pro Hac Vice*)
Jonathan D. Park
(Admitted *Pro Hac Vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel for William Jeffrey Igoe and Co-Lead Counsel for the proposed Settlement Class*

**EVANGELISTA WORLEY, LLC**
James M. Evangelista
500 Sugar Mill Road, Suite 245A
Atlanta, Georgia 30350
Telephone: (404) 205-8400
jim@ewlawll.com

*Counsel for William Jeffrey Igoe and Liaison Counsel for the proposed Settlement Class*

**LOWEY DANNENBERG, P.C.**

Vincent Briganti
(Admitted *Pro Hac Vice*)
Andrea Farah
(Admitted *Pro Hac Vice*)
Alesandra Greco
(Admitted *Pro Hac Vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
vbriganti@lowey.com
afarah@lowey.com
agreco@lowey.com

*Counsel for Mike Shafer and David Keating,
and Co-Lead Counsel for the Settlement
Class*

**KING & SPALDING LLP**

Michael R. Smith
Benjamin Lee
Peter Starr
Matthew Rosenthal
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
mrsmith@kslaw.com
blee@kslaw.com
pstarr@kslaw.com
mrosenthal@kslaw.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>               Defendants. | Case No. 1:23-cv-00577-LMM<br><br>[PROPOSED] PRELIMINARY ORDER APPROVING SETTLEMENT AND PROVIDING NOTICE<br><br><br>EXHIBIT A |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending in this Court entitled *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM (the "Action");

WHEREAS, (a) Co-Lead Plaintiffs Mike Shafer, David Keating, and Williams Jeffrey Igoe ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) defendant Global Payments Inc. ("Global Payments" or the "Company"), defendant Active Network, LLC ("Active"), and defendants Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Individual Defendants," and together with Global Payments and Active, the "Defendants"; and together with Co-Lead Plaintiffs, the "Parties") have determined

to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 10, 2024 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, pursuant to Rule 23(a) and (b)(3) of the Federal rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired publicly traded Global Payments common stock during the period of time from October 31, 2019 through and including October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the Settlement Class are any persons who submit a request for exclusion from the Settlement Class that is approved by the Court.

WHEREAS, Co-Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein.

WHEREAS, the Court has read and considered: (a) Co-Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m in

Courtroom 2107 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, or remotely per details that will be made publicly available on the Settlement website (www.globalpaymentssecuritieslitigation.com) in advance of the Settlement Hearing, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions for the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court: (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matter that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to the Settlement Class Members as set forth in paragraph 4 of this Order.

3.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class; and may enter the Judgment or Alternate Judgment, if

applicable, regardless of whether it has approved the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses.

4.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Co-Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)    Within ten (10) business days of the day of entry of this Order, Global Payments shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of Global Payments common stock during the Class Period in electronic format, such as Excel.

(b)    No later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Global Payments or in the records which Global

Payments caused to be provide, or otherwise may be identified through further reasonable effort;

       (c)    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form (the "Notice Packet"), substantially in the forms attached hereto as Exhibits 1 and 2, to be posted on a website to be developed for the Settlement, from which copies of the Notice Packet can be downloaded;

       (d)    Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

       (e)    Not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

    5.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to the form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under

the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases provided thereunder), of Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed, posted, and published, respectively.

6. **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired Global Payments common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7)

calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of names, mailing addresses, and if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.    **CAFA Notice** - As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Co-Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a

representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner

set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Global Payments Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., PO Box 173002, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM (N.D. Ga.)"; (iii) state the number of shares of Global Payments common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on October 31, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Co-Lead Counsel is authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above. Copies of all requests for exclusion shall be provided to Defendants' Counsel within three (3) business days

of receipt and in any event no later than fifteen (15) calendar days prior to the Settlement Hearing.

12.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

14.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class

may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

15.    Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Pomerantz LLP | Lowey Dannenberg P.C. | King & Spalding LLP |
| Jeremy Lieberman, Esq. | Vincent Briganti, Esq. | Benjamin Lee, Esq. |
| 600 3rd Ave., 20th Floor | 44 South Broadway, | 1180 Peachtree Street, |
| New York, NY 10016 | Suite 1100 | NE, Suite 1600 |
| | White Plains, NY 10601 | Atlanta, Georgia 30309 |

16.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Global Payments common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on October 31, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a

broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.     **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Co-Lead Plaintiffs and all other members of the Settlement Class from

commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

19.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

20.   **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.   **Taxes** – Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null

void, and be of no further force and effect, except as otherwise provided by the Stipulation; this Order shall be without prejudice to the rights of Co-Lead Plaintiffs, the other Settlement Class Members, and Defendants; the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent to Global Payments (or such other persons or entities that Defendants' Counsel may direct in writing) as provided by the Stipulation; and the Parties shall revert to their respective positions in the Action as of May 21, 2024, as provided in the Stipulation.

23.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Co-Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has

been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their

respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24. **<u>Supporting Papers</u>** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Leigh Martin May
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated, | Case No. 1:23-cv-00577-LMM |
| Plaintiffs, | |
| v. | NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES |
| GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI, | |
| Defendants. | EXHIBIT A-1 |

_A Federal Court authorized this Notice. This is not a solicitation from a lawyer._

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**NOTICE OF PENDENCY OF CLASS ACTION**: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Georgia (the "Court"), if, during the period from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"), you purchased or otherwise acquired publicly traded common stock of Global Payments Inc. (NYSE ticker symbol: GPN), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Co-Lead Plaintiffs, Mike Shafer, David Keating, and William Jeffery Igoe ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulations and Agreement of Settlement dated June 10, 2024 (the "Stipulation"), which is available at www.globalpaymentssecuritieslitigation.com.

settlement of the Action for $3,600,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Global Payments or its counsel. All question should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 87 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Global Payments Inc. ("Global Payments" or the "Company"), Active Network LLC ("Active"), Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, "Defendants") violated federal securities laws by making false and misleading statements regarding the business of Active, Global Payment's wholly-owned subsidiary, and Active's compliance with applicable laws and regulations, including consumer protection laws and regulations. A more detailed description of the Action and Plaintiffs' allegations is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2. **Statement of the Settlement Class's Recovery**: Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,600,000 in cash (the "Settlement Amount") to be deposited into an escrow account controlled by Co-Lead Counsel. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 52-71 below.

3. **Estimate of Average Amount of Recovery Per Share**: Based on Plaintiffs' damages expert's estimates of the number of shares of publicly traded Global Payments common stock purchased or acquired during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs described herein) is $0.03 per affected shared of Global Payments common stock. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they

purchased/acquired or sold their Global Payments stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth here in (*see* paragraphs 52-71 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated federal securities laws or that any damages were suffered (at all, or in the amount contended by Plaintiffs) by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought**:  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Co-Lead Counsel, Pomerantz LLP and Lowey Dannenberg P.C., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.3% of the Settlement Fund. In addition, Co-Lead Counsel will apply for reimbursement or payment of Litigation Expenses paid or incurred in connection with the institution prosecution, and resolution of the Action, in an amount not to exceed $100,000. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Co-Lead Counsel's fees and expense application is $0.01 per affected share of Global Payments common stock. In addition, Co-Lead Counsel may apply for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $60,000, combined.

6.    **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are being represented by Pomerantz LLP and Lowey Dannenberg, P.C. (together, the "Co-Lead Counsel"), and by Evangelista Worley, LLC. Any questions regarding the Settlement should be directed to (i) Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com, and (ii) Vincent Briganti, Esq. at Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601, (914) 997-0500, vbriganti@lowey.com.

7.    **Reasons for the Settlement**:  Plaintiffs' principal reason for entering the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2024** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO THE HEARING ON _____, 2024 AT __:__ __.M, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About?  What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Global Payments common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of

allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Co-Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing"). *See* paragraph 78 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

11.    Global Payments is a payments technology company that delivers software and services to merchants and financial institutions in the United States and abroad. Global Payments is a publicly traded company whose common stock trades on the New York Stock Exchange under the ticker symbol GPN. Active is a wholly owned subsidiary of Global Payments. Active provides third-party registration and payment processing services to event organizers.

12.    In this Action, Plaintiffs allege that Global Payments, its former CEO Jeff Sloan, its current CEO Cameron Bready, its former CFO Paul Todd, its current CEO Josh Whipple, and Active's President, Andrea Facini, made a series of alleged misstatements and omissions during the Class Period about Global Payments' and Active's business.  Specifically, Plaintiffs allege that Active engaged in conduct that violated consumer protection laws and derived substantial revenues from that conduct, that Defendants made false and misleading statements about Global Payments' compliance with applicable laws and regulations, and that the failure to disclose Active's conduct made Defendants' statements about Global Payments' and Active's performance misleading.

13.    On February 8, 2023, Plaintiff Mike Shafer filed a class action complaint in the United States District Court for the Northern District of Georgia (the "Court"), styled *Mike Shafer v. Active Network LLC, Global Payments, Inc., Jeff Sloan, Cameron Bready, Paul Todd, and Josh Whipple*, No. 1:23-cv-00577-LMM, asserting federal securities claims against Active, Global Payments, and certain of Global Payments current and former executive officers.

14.    By Order dated May 11, 2023, the Court appointed William Jeffrey Igoe and "The Investor Group" (consisting of Mike Shafer and David Keating) as Co-Lead Plaintiffs and approved Co-Lead Plaintiffs' selection of attorneys at Pomerantz LLP and Lowey Dannenberg, P.C. as Co-Lead Counsel, and James Evangelista of Evangelista Worley, as Liaison Counsel.

15.    On June 26, 2023, Plaintiffs filed and served the Amended Class Action Complaint ("Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleged that Defendants made materially false and misleading statements during the Class Period about: (i) Active and the Company's trade practices; (ii) Active and the Company's legal and regulatory compliance; and (iii) Active and the Company's revenue and financial performance. The Complaint further alleged that the price of the Company's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

16.    On August 17, 2023, Defendants filed and served a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss").

17.    By Order dated March 29, 2024, the Court granted in part and denied in part the Motion to Dismiss, including sustaining Co-Lead Plaintiff's allegations regarding Defendants' allegedly false and misleading statements regarding the Company's legal and regulatory compliance.

18.    On April 18, 2024, Defendants filed and served a motion to certify question presented by the Court's March 29, 2024 order for interlocutory review pursuant to 28 U.S.C. § 1292(b) (the "Motion for Interlocutory Review"). On May 2, 2024, Plaintiffs filed and served a memorandum of law in opposition to the Motion for Interlocutory Review. On May 14, 2024, Defendants filed and served a reply memorandum of law in support of the Motion for Interlocutory Review.

19.    Counsel for the Parties scheduled a conference for May 23, 2024 to discuss a joint preliminary report and scheduling plan to be filed pursuant to Federal Rule of Civil Procedure 26(f).

20.    Following the Court's Order granting in part and denying in part the Motion to Dismiss, the Parties discussed the possibility of resolving the case through settlement. These discussions continued for a number of weeks. As these discussions appeared likely to result in an agreement to resolve the Action, the Parties began negotiating the terms of a term sheet memorializing such agreement on May 20, 2024.

21.    On May 21, 2024, the Parties reached an agreement to resolve the Action for a settlement amount of $3,600,000 in cash. The Parties completed negotiating the term sheet

memorializing this agreement, which was signed that same day by Co-Lead Counsel on behalf of Plaintiffs and by Defendants' Counsel on behalf of Defendants, subject to certain terms and conditions, including the execution of a formal, final stipulation of settlement and related papers (the "Term Sheet"). The agreement to settle was further conditioned on Court approval of the Settlement.

22.    On June 10, 2024, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.globalpaymentssecuritieslitigation.com

23.    On _____, 2024, the Court preliminarily approved the Settlement, certified the Settlement Class authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
|---|

24.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The "Settlement Class" consists of all persons and entities who purchased or otherwise acquired publicly-traded Global Payments common stock during the period from October 31, 2019 through and including October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING**

DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2024.

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

25.    Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. First, Plaintiffs would have faced challenges in proving that Defendants' statements were materially false and misleading when made. For example, Defendants contended that they disclosed extensive risk factors concerning applicable laws and regulations, such that their statements about Global Payments' compliance with laws and regulations could not have misled investors. Second, Plaintiffs would also have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements. For example, Defendants contended that there was not sufficient factual support for allegations that Active's practices violated consumer protection laws, much less that Defendants knew (or should have known) that to be true at times when challenged statements were made, undercutting any inference that Defendants intentionally or recklessly misled investors.

26.    Plaintiffs would have faced significant hurdles in establishing "loss causation"— that the alleged misstatements were the cause of investors' losses—and in proving damages. First, Defendants argued that the alleged corrective disclosure on October 18, 2022, in the form of a complaint filed by the federal Consumer Financial Protection Bureau ("CFPB") against Active did not cause compensable investor losses because GPN's stock price at the close of trading on that day was higher than at the time that news of the complaint was publicly reported. Additionally, Defendants argued that the movement of Global Payments' stock price on October 18 and 19, 2022 tracked that of the S&P 500 index over the same period, further undercutting Plaintiffs' allegations that the movements of Global Payments' stock price were attributable to the disclosure of information correcting earlier alleged misstatements. Defendants further argued that, for these and other reasons, Plaintiffs would not be able to disentangle the effect of other factors, unrelated to the alleged fraud, on GPN's stock price at that time.

27.    In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3,6000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with Global Payment's financial position.

28.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30.     As a Settlement Class Member, you are represented by Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class" How Do I Exclude Myself?," below.

32.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is

approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims (as defined in ¶ 34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 35 below); shall be deemed to have agreed to a covenant not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims; and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34. "Released Plaintiffs' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that (i) Plaintiffs or any other member of the Settlement Class: (A) asserted in any of the complaints filed in the Action; or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints or documents and other discovery filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment *and* (ii) arise out of or relate to the purchase, acquisition, or sale of publicly-traded Global Payments common stock during the Class Period. This release will not include (i) any claims relating to the enforcement of this Settlement, or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

35. "Defendants' Releasees" means Defendants and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

36. "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims,

which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38.     "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or

unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.     "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

40.     Among other things, the Preliminary Approval Order entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class provides that all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation are stayed, and pending final determination of whether the Settlement should be finally approved, Plaintiffs and all other members of the Settlement Class are barred and enjoined from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2024**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.globalpaymentssecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 411-4706. Please retain all records of your ownership of and transactions in Global Payments common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement. A Claimant's recovery will depend upon several factors, including when and at what prices he, she, or it purchased or sold Global Payments shares, and the total number of shares for which valid Claim Forms are submitted.

43.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million six hundred thousand dollars ($3,600,000) in cash. The Settlement Amount will be deposited into an escrow account controlled by Co-Lead Counsel. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

45.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

46.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants' Releasees (as defined in ¶ 35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

48.     Participants in and beneficiaries of a Global Payments employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Global Payments common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Global Payments common stock during the Class Period may be made by the plan's trustees.

49.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

50.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

51.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded Global Payments common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Global Payments common stock.

## PROPOSED PLAN OF ALLOCATION

52.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss Amount") described below.

53.     A Recognized Loss Amount will be calculated for each share of Global Payments common stock purchased or otherwise acquired during the Settlement Class Period.[2] The calculation of Recognized Loss Amounts will depend upon several factors, including when shares of Global Payments common stock were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss Amount is not intended to

---

[2] During the Settlement Class Period, Global Payments, Inc. traded on the New York Stock Exchange ("NYSE") under the ticker symbol "GPN."

estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss Amount is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

54. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Global Payments common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Global Payments common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Global Payments common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

55. The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Global Payments common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Co-Lead Counsel have determined that such price declines occurred on October 18, 2022 and October 19, 2022 (the "Corrective Disclosure Dates"). Accordingly, if a share of Global Payments common stock was sold before October 18, 2022 (the earliest Corrective Disclosure Date) the Recognized Loss Amount for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 Artificial Inflation in Global Payments Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| October 31, 2019 | October 17, 2022 | $0.99 |
| October 18, 2022 | October 18, 2022 | $0.32 |
| October 19, 2022 | Thereafter | $0.00 |

56. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Global Payments common stock. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Global Payments common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-

Day Lookback Period.  The Recognized Loss Amount on Global Payments common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

57.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Global Payments common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.    For each share of Global Payments common stock purchased or otherwise acquired during the Settlement Class Period (i.e., October 31, 2019 through October 18, 2022, inclusive), the Recognized Loss Amount per share shall be calculated as follows:

    i.    For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold prior to October 18, 2022, the Recognized Loss Amount per share is $0.

    ii.    For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold on October 18, 2022, the Recognized Loss Amount per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

        b.    the purchase price minus the sale price.

    iii.    For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold during the period October 19, 2022 through January 13, 2023, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss Amount per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the purchase price minus the sale price; or

        c.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv. For each share of Global Payments common stock purchased during the Settlement Class Period and still held as of the close of trading on January 13, 2023, the Recognized Loss Amount per share is *the lesser of*:

  a. the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

  b. the purchase price *minus* the average closing price for Global Payments common stock during the 90-Day Lookback Period, which is $102.86.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/19/2022 | $112.67 | 11/16/2022 | $108.41 | 12/15/2022 | $104.05 |
| 10/20/2022 | $112.73 | 11/17/2022 | $107.92 | 12/16/2022 | $103.83 |
| 10/21/2022 | $113.23 | 11/18/2022 | $107.49 | 12/19/2022 | $103.58 |
| 10/24/2022 | $113.84 | 11/21/2022 | $107.02 | 12/20/2022 | $103.36 |
| 10/25/2022 | $114.71 | 11/22/2022 | $106.70 | 12/21/2022 | $103.19 |
| 10/26/2022 | $115.69 | 11/23/2022 | $106.45 | 12/22/2022 | $103.00 |
| 10/27/2022 | $116.57 | 11/25/2022 | $106.28 | 12/23/2022 | $102.87 |
| 10/28/2022 | $117.67 | 11/28/2022 | $106.04 | 12/27/2022 | $102.76 |
| 10/31/2022 | $117.29 | 11/29/2022 | $105.83 | 12/28/2022 | $102.63 |
| 11/1/2022 | $116.93 | 11/30/2022 | $105.76 | 12/29/2022 | $102.56 |
| 11/2/2022 | $116.08 | 12/1/2022 | $105.69 | 12/30/2022 | $102.50 |
| 11/3/2022 | $114.27 | 12/2/2022 | $105.61 | 1/3/2023 | $102.45 |
| 11/4/2022 | $112.97 | 12/5/2022 | $105.48 | 1/4/2023 | $102.47 |
| 11/7/2022 | $111.98 | 12/6/2022 | $105.25 | 1/5/2023 | $102.46 |
| 11/8/2022 | $111.18 | 12/7/2022 | $105.07 | 1/6/2023 | $102.51 |
| 11/9/2022 | $110.28 | 12/8/2022 | $104.90 | 1/9/2023 | $102.58 |
| 11/10/2022 | $109.85 | 12/9/2022 | $104.71 | 1/10/2023 | $102.63 |
| 11/11/2022 | $109.55 | 12/12/2022 | $104.57 | 1/11/2023 | $102.68 |
| 11/14/2022 | $109.21 | 12/13/2022 | $104.44 | 1/12/2023 | $102.78 |
| 11/15/2022 | $108.87 | 12/14/2022 | $104.27 | 1/13/2023 | $102.86 |

## ADDITIONAL PROVISIONS

59.    The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

60.    A purchase or sale of Global Payments common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

61.    All purchase and sale prices shall exclude any fees and commissions.

62.    <u>Acquisition by Gift, Inheritance, or Operation of Law</u>: If a Settlement Class Member acquired Global Payments common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that Global Payments shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss Amount for that acquisition shall be deemed to be zero ($0.00).

63.    Notwithstanding any of the above, receipt of Global Payments common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Global Payments common stock.

64.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Global Payments common stock held as of the close of trading on October 30, 2019 (the last day before the Settlement Class Period begins) and then against the purchase of Global Payments common stock during the Settlement Class Period.

65.    The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has a short position in Global Payments common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

66.    With respect to Global Payments common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Global Payments common stock on the date of exercise.  Any Recognized Loss Amount arising from purchases of Global Payments common stock acquired during the Settlement Class Period through the exercise of an option on Global Payments common stock shall be computed as provided for other purchases of Global Payments common stock in the Plan of Allocation.[3]

67.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss Amount will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss Amount as compared to the total Recognized Loss Amounts of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of Global Payments common stock as the result of the exercise of a call option, and (2) purchases of Global Payments common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

68.     Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds.  The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

69.     Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

70.     Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Form, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiffs and Co-Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

71.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

72.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees to all Plaintiffs' Counsel in an amount not to exceed 33.3% of the Settlement Fund. At the same time, Co-Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $100,000. The Court will

determine the amount of any award of attorneys' fees or payment for Litigation Expenses. In addition, Co-Lead Counsel may apply for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $60,000, combined. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

73.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Global Payments, Inc. Securities Litigation*, ATTN: EXCLUSIONS, c/o A.B. Data, Ltd., PO BOX 173001, Milwaukee, WI 53217. The exclusion request must be ***received* no later than _____, 2024**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM"; (c) state the number of Global Payments common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on October 31, 2019 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from October 31, 2019 through October 18, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. Co-Lead Counsel may request that the person or entity requesting exclusion submit documentation sufficient to prove his, her, or its holdings and trading in Global Payments common stock as called for above.

74.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

75.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
| --- |

77.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

78.    The Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Leigh Martin May at the United States District Court for the Northern District of Georgia, Courtroom 2167 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

79.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Court either by mailing them to the Clerk of the Court, United States District Court, Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303 or by filing them in person at any location of the United States District Court for the Northern District of Georgia. All papers must be ***received*** by the Court or filed on or before _____, 2024. You must also serve the papers on Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received*** on or before _____, 2024.

| <u>**Co-Lead Counsel**</u> | <u>**Co-Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
| --- | --- | --- |
| Pomerantz LLP | Lowey Dannenberg P.C. | King & Spalding LLP |
| Jeremy Lieberman, Esq. | Vincent Briganti, Esq. | Benjamin Lee, Esq. |
| 600 Third Ave. | 44 South Broadway | 1180 Peachtree Street, NE |
| 20th Floor | Suite 1100 | Suite 1600 |
| New York, NY 10016 | White Plains, NY 10601 | Atlanta, Georgia 30309 |

80.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the

Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Global Payments common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on October 31, 2019 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from October 31, 2019 through October 18, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

81.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before _____, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

83.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is ***received* on or before _____, 2024**.

84.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

85.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and**

Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
| --- |

86.    If you purchased or otherwise acquired any shares of Global Payments common stock from October 31, 2019 through October 18, 2022, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Global Payments, Inc. Securities Litigation*, c/o A.B. Data, Ltd., PO BOX 173002, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com, or by calling the Claims Administrator toll-free at (877) 411-4706.

| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

87.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Georgia, Room 2211, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Global Payment Securities Settlement*
c/o A.B. Data, Ltd.
PO Box 173002
Milwaukee, WI 53217
(877) 411-4706

info@globalpaymentssecuritieslitigation.com

Claims Administrator

**-or-**

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Vincent Briganti, Esq.
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com

Co-Lead Counsel


**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**


Dated: _____, 2024                    By Order of the Court
                                                United States District Court
                                                Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>                    Defendants. | Case No. 1:23-cv-00577-LMM<br><br><br>CLAIM AND RELEASE FORM<br><br><br>EXHIBIT A-2 |

*Global Payments Inc. Securities Litigation*
*Toll-Free Number: (877) 411-4706*
*Email: info@globalpaymentssecuritieslitigation.com*
*Website: www.globalpaymentssecuritieslitigation.com*

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, **postmarked no later than [_____], 2024**.

**Mail to:**

*Global Payments Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**PO Box 173002**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **3** |
| **PART II – GENERAL INSTRUCITONS** | **4** |
| **PART III – SCHEDULE OF TRANSACTION IN GLOBAL PAYMENTS COMMON STOCK (NYSE: GPN, CUSIP: 37940X102)** | **7** |
| **PART IV- RELEASE OF CLAIMS AND SIGNATURE** | **8_** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. This information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

_____
Beneficial Owner's Name (First, Middle, Last)


_____
Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)


_____
Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____
Street Address


_____        _____
City                                      State or Province


_____        _____
Zip Code or Postal Code                   Country


_____    _____    Individual
Social Security Number or            _____    Corporation/Other
Taxpayer Identification Number

_____   _____
Area Code         Telephone Number (work)


_____   _____
Area Code         Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)

3

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see definition of the Settlement Class on page 24 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER**. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SBUMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of, Global Payments common stock. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Global Payments common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only publicly traded Global Payments common stock purchased or otherwise acquired during the Class Period (i.e., October 31, 2019 through October 18, 2022, inclusive) is eligible under the Settlement. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Global Payments common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your

4

broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Global Payments common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.    Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Global Payments common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible Global Payments common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of eligible Global Payments common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.    **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    a.  expressly state the capacity in which they are acting;

    b.  identify the name, account number, Social Security (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Global Payments common stock; and

    c.  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

    a.   own(ed) the Global Payments common stock you have listed in the Claim Form; or

    b.   are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@globalpaymentssecuritieslitigation.com, or by toll-free phone at (877) 411-4706, or you can visit the website, www.globalpaymentssecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at www.globalpaymentssecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at info@globalpaymentssecuritieslitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection**. Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@globalpaymentssecuritieslitigation.com to inquire about your file and confirm it was received**.

## PART III – SCHEDULE OF TRANSACTIONS IN GLOBAL PAYMENTS COMMON STOCK

The only eligible security is Global Payments Inc. common stock (Ticker (NYSE): GPN, CUSIP: 37940X102). Do not include information regarding securities other than Global Payments common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| 1.  **HOLDINGS AS OF OCTOBER 31, 2019** – state the total number of shares of Global Payments common stock held as of the opening of trading on October 31, 2019. Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2.  PURCHASES/ACQUISITIONS FROM OCTOBER 31, 2019 THROUGH JANUARY 18, 2023** – Separately list each and every purchase or acquisition (including free receipts) of Global Payments common stock from after the opening on October 31, 2019 through the close of trading on January 18, 2023. (Must be documented.)

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3.  SALES FROM OCTOBER 31, 2019 THROUGH JANUARY 18, 2023** – separately list each and every sale or disposition (including free deliveries) of Global Payments common stock from after the opening of trading on October 31, 2019 through the close of trading on January 18, 2023. (Must be documented.)    **IF NONE, CHECK HERE** ☐

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| 4.  **HOLDINGS AS OF JANUARY 18, 2023** – State the total number of shares of Global Payments common stock held as of close of trading on January 18, 2023. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDUEL ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICAL OWNERS' FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.    ☐**

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants' Releasees; and shall covenant not to, and shall forever be barred and enjoined from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

      1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

      3.     that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

      4.     that I (we) own(ed) the Global Payments common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Global Payments common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

      6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

      7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

**10.**    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                            Date


_____
Print name of claimant here                                      Date



_____
Signature of joint claimant, if any                              Date



_____
Print joint claimant name here                                   Date


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided*:

9

_____

Signature of person signing on behalf of claimant                           Date


_____

Print name of person signing on behalf of claimant here               Date


_____

Capacity of person signing on behalf of claimant, of other than the individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 9 on page 5 of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1.  Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

6.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@globalpaymentssecuritieslitigation.com, or by toll-free phone at (877) 411-4706, or you may visit www.globalpaymentssecuritieslitigation.com. DO NOT call Global Payments or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL *POSTMARKED* **NO LATER THAN [_____], 2024,** ADDRESSED AS FOLLOWS:

*Global Payments Inc. Securities Litigation*
c/o A.B. Data, Ltd.
PO Box 173002
Milwaukee, WI 53217

(877) 411-4706
www.globalpaymentssecuritieslitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2024 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated, | Case No. 1:23-cv-00577-LMM |
| Plaintiffs, | SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES |
| v. | |
| GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI, | |
| Defendants. | EXHIBIT A-3 |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons who purchased or otherwise acquired the publicly traded common stock of Global Payments Inc. ("Global Payments") from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $3,600,000 in cash (the "Settlement"), that if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2024 at __:__.m, before the Honorable Leigh Martin May at the United States District Court for the Northern District of Georgia, Courtroom 2167 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309, or remotely per details that will be made publicly available on the Settlement website (www.globalpaymentssecuritieslitigation.com) in advance of the Settlement Hearing to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 10, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's motion for attorneys' fees and litigation expenses should be approved.

**If you a member of this Settlement Class, your rights will affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Global Payments Inc. Securities Litigation*, c/o A.B. Data, Ltd., PO Box 173002, Milwaukee, WI 53217. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than _____, 2024. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Global Payments, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

2

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Vincent Briganti, Esq.
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com

Requests for the Notice and Claim Form should be made to:

*Global Payment Securities Settlement*
c/o  A.B. Data., Ltd.
PO Box 173002
Milwaukee, WI 53217
(877) 411-4706
www.globalpaymentssecuritieslitigation.com

By Order of the Court

EXHIBIT A-4

Shafer, et al. v. Global Payments Inc., et al.
c/o A.B. Data., Ltd.
PO Box 173002
Milwaukee, WI 53217

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Shafer, et al. v. Global Payments Inc., et al.*,
Case No. 1:23-cv-00577-LMM

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.GLOBALPAYMENTSSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There has been a proposed settlement of claims against the Global Payments Inc. ("Global Payments"), Active Network, LLC, Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Global Payments between October 31, 2019 and October 18, 2022 (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Global Payments common stock during the Class Period.

Defendants have agreed to pay a settlement amount of $3,600,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Settlement Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.globalpaymentssecuritieslitigation.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in Global Payments common stock. If every eligible Settlement Class Member submits a valid Proof of Claim form, the average recovery will be $0.03 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www.globalpaymentssecuritieslitigation.com or will be mailed to you upon request to the Claims Administrator (info@globalpaymentssecuritieslitigation.com). **Proof of Claim forms must be submitted online or postmarked by _____**. If you do not want to be legally bound by the settlement, you must exclude yourself by _____, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection.

The Court will hold a hearing in this Action on _____, to consider whether to approve the proposed settlement and the request made by the lawyers representing Plaintiffs and the Settlement Class for attorneys' fees up to 33.3% of the Settlement Fund, plus actual expenses up to $100,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (847) 411-4706 or visit the website www.globalpaymentssecuritieslitigation.com and read the detailed Notice.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>Defendants. | Case No. 1:23-cv-00577-LMM<br><br>[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT<br><br><br><br>EXHIBIT B |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is presently pending in this Court entitled *Shafer et al. v. Global Payments Inc. et al.*, Civil Action No. 1:23-cv-00577-LMM (the "Action");

WHEREAS, (a) Co-Lead Plaintiffs Mike Shafer, David Keating, and Williams Jeffrey Igoe ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) defendant Global Payments Inc. ("Global Payments" or the "Company"), defendant Active Network, LLC ("Active"), and defendants Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Individual Defendants," and together with Global Payments and Active, the

"Defendants"; and together with Co-Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 10, 2024 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, pursuant to Rule 23(a) and (b)(3) of the Federal rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired publicly traded Global Payments Securities during the period of time from October 31, 2019 through and including October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. [Also excluded from

the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.].

WHEREAS, unless otherwise defined in the Judgment, the capitalized terms shall the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2024 (the "Preliminary Approval Order"), the Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity to either exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2024 (the "Settlement Hearing") to consider among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

and written comments received regarding the Settlement [including objections thereto], and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June __, 2024, and (b) the Notice and the Summary Notice, both of which were filed with the Court on June __, 2024.

3. **Notice** - The Court finds that the dissemination of the Postcard Notice, the posting of the Notice and Claim Form and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Co-Lead

4

Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq., as amended, and all other applicable law and rules.

4.        [*In the event any objections are filed.*] [**Objections** - The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

5.        **Compliance with CAFA** - Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28

U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

6.     **<u>Final Settlement Approval and Dismissal of Claims</u>** - Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that (a) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all claims asserted against Defendants in the Action by Co-Lead Plaintiffs and the other Settlement Class Members are hereby dismissed

with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **<u>Binding Effect</u>** - The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Co-Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **<u>Releases</u>** - The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a.    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, (i) shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees; (ii) shall be deemed to have, and by operation of law and of this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees; and (iii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

b.      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Co-Lead Plaintiffs and the other Plaintiffs' Releasees, and shall have covenanted not to and shall forever be enjoined from prosecuting any or all of the Released Defendants'

Claims against any of the Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.  Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.  **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.  **<u>No Admissions</u>** - Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.  shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Co-Lead Plaintiffs or the

validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay

the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** - Without further approval from the Court, Co-Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Co-Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** - If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation; this Judgment shall be without prejudice to the rights of Co-Lead Plaintiffs, the other Settlement Class Members, and Defendants; the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent to Global Payments (or such other persons or entities that Defendants' Counsel may direct in writing) as provided

by the Stipulation; and the Parties shall revert to their respective positions in the Action as of May 21, 2024, as provided in the Stipulation.

17.    **<u>Entry of Final Judgment</u>** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


SO ORDERED this _____ day of _____, 2024.




_____
The Honorable Leigh Martin May
United States District Judge

13

**Exhibit 1**

**[List of Any Persons and Entities Excluded from
the Settlement Class Pursuant to Request]**