# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFERY IGOE, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI, <br><br> Defendants. | Case No. 1:23-cv-00577-LMM <br><br> CLASS ACTION |

**DECLARATION OF KATHLEEN BRAUNS REGARDING
MAILING OF THE POSTCARD NOTICE, PUBLICATION OF THE
SUMMARY NOTICE, OBJECTIONS AND REQUESTS FOR EXCLUSION
RECEIVED, AND CLAIMS RECEIVED TO DATE**

I, KATHLEEN BRAUNS, declare as follows:

1.     I am a Project Manager of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to its Order Preliminarily Approving Settlement and Providing Notice (ECF No. 67, the "Preliminary Approval Order"), the Court

approved the retention of A.B. Data as the Claims Administrator for the above-captioned action (the "Action").[1]

2.      I am over 21 years of age and am not a party to the Action.  The following statements are based on my personal knowledge and information provided by other A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3.      I submit this Declaration to provide the Court and the Parties to the Action information regarding, among other things, the mailing of the Postcard Notice, the publication of the Summary Notice, as well as updates concerning other aspects of the settlement administration process.

## **MAILING OF THE POSTCARD NOTICE**

4.      Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Postcard Notice to potential Settlement Class Members and nominees.  A true and correct copy of the Postcard Notice is attached hereto as Exhibit A.

5.      On August 26, 2024, A.B. Data received a data file from Defendants' Counsel containing the names and addresses of 15,609 unique persons or entities

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated June 10, 2024 (ECF No. 65-2, the "Stipulation").

who were identified as record holders of Global Payments Inc. ("Global Payments") common stock during the period from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"). On September 13, 2024, A.B. Data caused the Postcard Notice to be disseminated by First-Class Mail to those 15,609 potential Settlement Class Members. This was done thirteen business days after entry of the Preliminary Approval Order, which was earlier than required by the Preliminary Approval Order. *See* Preliminary Approval Order, ¶4(b) (requiring Claims Administrator to cause a copy of the Postcard Notice to be mailed no later than twenty business days after entry of that order).

6. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the names of the respective nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Broker Mailing Database"). A.B. Data's Broker Mailing Database is updated from time to time as new nominees are identified and others go out of business. At the time of mailing, the Broker Mailing Database contained 4,938 mailing records. On September 13, 2024, A.B. Data caused the Postcard

3

Notice to be sent by First-Class Mail to the 4,938 addresses whose mailing records were contained in the Broker Mailing Database.

7.      In total, 20,547 Postcard Notices were mailed to potential Settlement Class Members and their nominees by First-Class Mail on September 13, 2024.

8.      Contemporaneously with the mailing of the Postcard Notice, A.B. Data posted downloadable copies of: (a) the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Long-Form Notice"); and (b) the Proof of Claim and Release Form (the "Claim Form"), online at www.GlobalPaymentsSecuritiesLitigation.com (the "Settlement Website"). Upon request, A.B. Data mailed copies of the Long-Form Notice and Claim Form to Settlement Class Members and will continue to do so until the deadline to submit a Claim Form has passed. Copies of the Long-Form Notice and Claim Form are attached hereto as Exhibits B and C, respectively.

9.      A.B. Data also provided a copy of the Long-Form Notice and Claim Form to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any nominee that participates in DTC's security system and provides the DTC participants with the ability to search and download legal notices as well as receive email alerts based on particular notice

or particular security identifiers (known as CUSIPs).  The Long-Form Notice and Claim Form were posted on DTC's LENS on September 13, 2024.

10.   In addition, A.B. Data sent an email to each of the nominees in the Broker Mailing Database, which included a copy of the Postcard Notice, Long-Form Notice, Claim Form, eFiling Guidelines, and an eFiling Template.

11.   The Long-Form Notice directed those who purchased or otherwise acquired Global Payments common stock during the Class Period for the beneficial interest of other Persons to, within seven (7) days of receipt, either: (a) send the Postcard Notice to such beneficial owners of such Global Payments common stock, or (b) send a list of the names and addresses of such beneficial owners to A.B. Data, who then would promptly mail the Postcard Notice to such beneficial owners.

12.   A.B. Data has received an additional 78,537 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data also received requests from brokers and other nominee holders for 157,110 Postcard Notices to be forwarded by the nominees to their customers.  All such requests have been, and will continue to be, complied with and addressed in a timely manner.

13.   In sum, as of the date of this Declaration, notice of the Settlement has been disseminated to 256,194 potential Settlement Class Members and nominees. In addition, A.B. Data has re-mailed 57 Postcard Notices to persons and entities

5

whose original mailings were returned by the U.S. Postal Service ("USPS"), and for whom updated addresses were provided to A.B. Data by USPS or ascertained through a third-party information provider.

## PUBLICATION OF THE SUMMARY NOTICE

14. In accordance with Paragraph 4(d) of the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire* on September 23, 2024. True and correct copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits D and E, respectively.

## SETTLEMENT WEBSITE

15. A.B. Data designed, implemented, and currently maintains the Settlement Website, a case-specific website dedicated to the Settlement. The Settlement Website became operational beginning on September 13, 2024, and is accessible 24 hours a day, 7 days a week. Among other things, the Settlement Website includes general information regarding the Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date and time of the Court's Settlement Hearing. In addition, A.B. Data posted copies of the Stipulation, Preliminary Approval Order, Long-Form Notice, Claim Form, Amended Class Action Complaint (ECF No. 39), Order on Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 55), and Co-Lead Plaintiff's Renewed

6

Motion for Preliminary Approval of Settlement and Approval of Notice to the Settlement Class, including the brief and declaration of Jonathan D. Park, with exhibits, submitted in support thereof (ECF Nos. 65, 65-1, 65-5, 65-5, 65-6, 65-7, and 65-8), which are also available to download.

16.     Moreover, the Settlement Website allows potential Settlement Class Members to file claims online and provides instructions and a claim filing template for institutional investors.

17.     The Settlement Website will continue to be updated with relevant case information and Court Documents.

## TELEPHONE HELPLINE

18.     On September 13, 2024, A.B. Data established a case-specific, toll-free telephone helpline, 877-411-4706, with an interactive voice response system and live operators, to: (a) accommodate potential Settlement Class Members with questions about the Action and the Settlement; and/or (b) request a Long-Form Notice and Claim Form.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

**REPORT ON OBJECTIONS AND REQUESTS FOR EXCLUSION**

19.    The Postcard and Long-Form Notice informed potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent to the Claims Administrator such that they are received no later than November 20, 2024.  The Long-Form Notice also set forth the information that was required to be included in each request for exclusion.  As of the date of this Declaration, A.B. Data has received four (4) requests for exclusion.  A.B. Data will submit a supplemental declaration after the November 20, 2024, deadline addressing all requests for exclusion received.

20.    According to the Postcard and Long-Form Notice, Settlement Class Members wishing to object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel' motion for attorneys' fees and Litigation Expenses are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than November 20, 2024.  Despite these instructions, Settlement Class Members sometimes send objections to the Claims Administrator instead.  As of the date of this Declaration, A.B. Data has not received any objections, and is not aware of any objections being filed with the Court.

**CLAIMS RECEIVED TO DATE**

21.    According to the Postcard and Long-Form Notice, Settlement Class Members wishing to submit a claim to receive a payment from the Settlement Fund

8

submit a claim form postmarked no later than January 11, 2025. The Settlement website also permits Settlement Class Members to file claims online. In my professional experience, it is common for the large majority of claims to be received shortly before the claims deadline. As of the date of this Declaration, A.B. Data has received 1,169 claims from potential Settlement Class Members. A.B. Data will submit a supplemental declaration prior to the Settlement Hearing with an updated count of claims received.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed on November 06, 2024.

_Kathleen Brauns_

Kathleen Brauns

# EXHIBIT A

Shafer, et al. v. Global Payments Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Shafer, et al. v. Global Payments Inc., et al.*, Case No. 1:23-cv-00577-LMM

**Global Payments Inc. Securities Litigation**
**Toll-Free Number: (877) 411-4706**
**Email: info@globalpaymentssecuritieslitigation.com**
**Website: www.globalpaymentssecuritieslitigation.com**

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.GLOBALPAYMENTSSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There has been a proposed settlement of claims against Global Payments Inc. ("Global Payments"), Active Network, LLC, Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Global Payments between October 31, 2019, and October 18, 2022 (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Global Payments common stock during the Class Period.

Defendants have agreed to pay a settlement amount of $3,600,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim Form, in exchange for the settlement of this case and the Release of claims related to this case by Settlement Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.globalpaymentssecuritieslitigation.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim forms submitted, and the number, size, and timing of your transactions in Global Payments common stock. If every eligible Settlement Class Member submits a valid Proof of Claim form, the average recovery will be $0.03 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim form**. The Proof of Claim form can be found at www.globalpaymentssecuritieslitigation.com or will be mailed to you upon request to the Claims Administrator (info@globalpaymentssecuritieslitigation.com). **Proof of Claim forms must be submitted online or postmarked by January 11, 2025**. If you do not want to be legally bound by the settlement, you must exclude yourself by November 20, 2024, or you will not be able to sue Defendants relating to the legal claims in this case. If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by November 20, 2024. The detailed Notice explains how to submit a Proof of Claim form, request exclusion from the Class, or file an objection.

The Court will hold a hearing in this Action on December 11, 2024, at 10:00 a.m., to consider whether to approve the proposed settlement and the request made by the lawyers representing Plaintiffs and the Settlement Class for attorneys' fees up to 33.3% of the Settlement Fund, plus actual expenses up to $100,000 associated with conducting this litigation and negotiating the settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877) 411-4706 or visit the website www.globalpaymentssecuritieslitigation.com and read the detailed Notice.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>    Defendants. | Case No. 1:23-cv-00577-LMM<br><br><br>NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES |

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**NOTICE OF PENDENCY OF CLASS ACTION**: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Georgia (the "Court"), if, during the period from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"), you purchased or otherwise acquired publicly traded common stock of Global Payments Inc. (NYSE ticker symbol: GPN), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Co-Lead Plaintiffs, Mike Shafer, David Keating, and William Jeffery Igoe ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $3,600,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Global Payments or its counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 87 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Global Payments Inc. ("Global Payments" or the "Company"), Active Network LLC ("Active"), Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, "Defendants") violated federal securities laws by making false and misleading statements regarding the business of Active, Global Payments' wholly-owned subsidiary, and Active's compliance with applicable laws and regulations, including consumer protection laws and regulations. A more detailed description of the Action and Plaintiffs' allegations is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 10, 2024 (the "Stipulation"), which is available at www.globalpaymentssecuritieslitigation.com.

2. **Statement of the Settlement Class's Recovery**:  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,600,000 in cash (the "Settlement Amount") to be deposited into an escrow account controlled by Co-Lead Counsel. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 52-71 below.

3. **Estimate of Average Amount of Recovery Per Share**:  Based on Plaintiffs' damages expert's estimates of the number of shares of publicly traded Global Payments common stock purchased or acquired during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs described herein) is $0.03 per affected shared of Global Payments common stock. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Global Payments stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 52-71 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share**:  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated federal securities laws or that any damages were suffered (at all, or in the amount contended by Plaintiffs) by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought**:  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Co-Lead Counsel, Pomerantz LLP and Lowey Dannenberg P.C., will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33.3% of the Settlement Fund. In addition, Co-Lead Counsel will apply for reimbursement or payment of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $100,000. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Co-Lead Counsel's fees and expense application is $0.01 per affected share of Global Payments common stock. In addition, Co-Lead Counsel may apply for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $60,000, combined.

6. **Identification of Attorneys' Representatives**: Plaintiffs and the Settlement Class are being represented by Pomerantz LLP and Lowey Dannenberg, P.C. (together, the "Co-Lead Counsel"), and by Evangelista Worley, LLC. Any questions regarding the Settlement should be directed to (i) Jeremy Lieberman, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, jalieberman@pomlaw.com, and (ii) Vincent Briganti, Esq. at Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601, (914) 997-0500, vbriganti@lowey.com.

7. **Reasons for the Settlement**:  Plaintiffs' principal reason for entering the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN JANUARY 11, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 20, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releases concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 20, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO THE HEARING ON DECEMBER 11, 2024, AT 10:00 A.M, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 20, 2024.** | Filing a written objection and notice of intention to appear by November 20, 2024, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About?  What Has Happened So Far? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? | Page 6 |
| What Are Plaintiffs' Reasons For The Settlement? | Page 6 |
| What Might Happen If There Were No Settlement? | Page 7 |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page 7 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 9 |
| How Much Will My Payment Be? | Page 9 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page 14 |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page 15 |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page 15 |
| What If I Bought Shares On Someone Else's Behalf? | Page 16 |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page 17 |

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Global Payments common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Co-Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing"). *See* paragraph 78 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

11.    Global Payments is a payments technology company that delivers software and services to merchants and financial institutions in the United States and abroad. Global Payments is a publicly traded company whose common stock trades on the New York Stock Exchange under the ticker symbol GPN. Active is a wholly owned subsidiary of Global Payments. Active provides third-party registration and payment processing services to event organizers.

12.    In this Action, Plaintiffs allege that Global Payments, its former CEO Jeff Sloan, its current CEO Cameron Bready, its former CFO Paul Todd, its current CEO Josh Whipple, and Active's President, Andrea Facini, made a series of alleged misstatements and omissions during the Class Period about Global Payments' and Active's business.  Specifically,

Plaintiffs allege that Active engaged in conduct that violated consumer protection laws and derived substantial revenues from that conduct, that Defendants made false and misleading statements about Global Payments' compliance with applicable laws and regulations, and that the failure to disclose Active's conduct made Defendants' statements about Global Payments' and Active's performance misleading.

13. On February 8, 2023, Plaintiff Mike Shafer filed a class action complaint in the United States District Court for the Northern District of Georgia (the "Court"), styled *Mike Shafer v. Active Network LLC, Global Payments, Inc., Jeff Sloan, Cameron Bready, Paul Todd, and Josh Whipple*, No. 1:23-cv-00577-LMM, asserting federal securities claims against Active, Global Payments, and certain of Global Payments current and former executive officers.

14. By Order dated May 11, 2023, the Court appointed William Jeffrey Igoe and "The Investor Group" (consisting of Mike Shafer and David Keating) as Co-Lead Plaintiffs and approved Co-Lead Plaintiffs' selection of attorneys at Pomerantz LLP and Lowey Dannenberg, P.C. as Co-Lead Counsel, and James Evangelista of Evangelista Worley, as Liaison Counsel.

15. On June 26, 2023, Plaintiffs filed and served the Amended Class Action Complaint ("Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleged that Defendants made materially false and misleading statements during the Class Period about: (i) Active and the Company's trade practices; (ii) Active and the Company's legal and regulatory compliance; and (iii) Active and the Company's revenue and financial performance. The Complaint further alleged that the price of the Company's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

16. On August 17, 2023, Defendants filed and served a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss").

17. By Order dated March 29, 2024, the Court granted in part and denied in part the Motion to Dismiss, including sustaining Co-Lead Plaintiff's allegations regarding Defendants' allegedly false and misleading statements regarding the Company's legal and regulatory compliance.

18. On April 18, 2024, Defendants filed and served a motion to certify question presented by the Court's March 29, 2024 order for interlocutory review pursuant to 28 U.S.C. § 1292(b) (the "Motion for Interlocutory Review"). On May 2, 2024, Plaintiffs filed and served a memorandum of law in opposition to the Motion for Interlocutory Review. On May 14, 2024, Defendants filed and served a reply memorandum of law in support of the Motion for Interlocutory Review.

19. Counsel for the Parties scheduled a conference for May 23, 2024 to discuss a joint preliminary report and scheduling plan to be filed pursuant to Federal Rule of Civil Procedure 26(f).

20. Following the Court's Order granting in part and denying in part the Motion to Dismiss, the Parties discussed the possibility of resolving the case through settlement. These discussions continued for a number of weeks. As these discussions appeared likely to result in an agreement to resolve the Action, the Parties began negotiating the terms of a term sheet memorializing such agreement on May 20, 2024.

21. On May 21, 2024, the Parties reached an agreement to resolve the Action for a settlement amount of $3,600,000 in cash. The Parties completed negotiating the term sheet memorializing this agreement, which was signed that same day by Co-Lead Counsel on behalf of Plaintiffs and by Defendants' Counsel on behalf of Defendants, subject to certain terms and conditions, including the execution of a formal, final stipulation of settlement and related papers (the "Term Sheet"). The agreement to settle was further conditioned on Court approval of the Settlement.

22. On June 10, 2024, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.globalpaymentssecuritieslitigation.com.

23. On August 26, 2024, the Court preliminarily approved the Settlement, certified the Settlement Class, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

24.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The "Settlement Class" consists of all persons and entities who purchased or otherwise acquired publicly-traded Global Payments common stock during the period from October 31, 2019 through and including October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 15 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN JANUARY 11, 2025.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

25.    Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. First, Plaintiffs would have faced challenges in proving that Defendants' statements were materially false and misleading when made. For example, Defendants contended that they disclosed extensive risk factors concerning applicable laws and regulations, such that their statements about Global Payments' compliance with laws and regulations could not have misled investors. Second, Plaintiffs would also have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements. For example, Defendants contended that there was not sufficient factual support for allegations that Active's practices violated consumer protection laws, much less that Defendants knew (or should have known) that to be true at times when challenged statements were made, undercutting any inference that Defendants intentionally or recklessly misled investors.

26.    Plaintiffs would have faced significant hurdles in establishing "loss causation"—that the alleged misstatements were the cause of investors' losses—and in proving damages. First, Defendants argued that the alleged corrective disclosure on October 18, 2022, in the form of a complaint filed by the federal Consumer Financial Protection Bureau ("CFPB") against Active did not cause compensable investor losses because GPN's stock price at the close of trading on that day was higher than at the time that news of the complaint was publicly reported.  Additionally, Defendants argued that the movement of Global Payments' stock price on October 18 and 19, 2022 tracked that of the S&P 500 index over the same period, further undercutting Plaintiffs' allegations that the movements of Global Payments' stock price were attributable to the disclosure of information correcting earlier alleged misstatements.  Defendants further argued that, for these and other reasons, Plaintiffs would not be able to disentangle the effect of other factors, unrelated to the alleged fraud, on GPN's stock price at that time.

27.    In light of the amount of the Settlement and the certainty of recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3,600,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would

produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future, as well as the risks associated with Global Payment's financial position.

28.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all allegations of fault, liability, wrongdoing, or damages against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30.    As a Settlement Class Member, you are represented by Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

32.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims (as defined in ¶ 34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 35 below); shall be deemed to have agreed to a covenant not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims; and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

34.    "Released Plaintiffs' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that (i) Plaintiffs or any other member of the Settlement Class: (A) asserted in any of the complaints filed in the Action; or (B) could have asserted in the Action or in any other action or in any other forum that arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, or failures to act that were

involved, set forth, or referred to in any of the complaints or documents and other discovery filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment *and* (ii) arise out of or relate to the purchase, acquisition, or sale of publicly-traded Global Payments common stock during the Class Period. This release will not include (i) any claims relating to the enforcement of this Settlement, or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

35.    "Defendants' Releasees" means Defendants and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

36.    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 38 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38.    "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective former, present, or future parents, affiliates, subsidiaries, and divisions and their respective present and former employees, members, principals, officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family Members, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them, in their capacities as such.

40.    Among other things, the Preliminary Approval Order entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class provides that all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation are stayed, and pending final determination of whether the Settlement should be finally approved, Plaintiffs and all other members of the Settlement Class are barred and enjoined from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

41.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than January 11, 2025**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.globalpaymentssecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll -free at (877) 411-4706. Please retain all records of your ownership of and transactions in Global Payments common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement. A Claimant's recovery will depend upon several factors, including when and at what prices he, she, or it purchased or sold Global Payments shares, and the total number of shares for which valid Claim Forms are submitted.

43.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million six hundred thousand dollars ($3,600,000) in cash. The Settlement Amount will be deposited into an escrow account controlled by Co-Lead Counsel. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

45.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

46.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before January 11, 2025, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants' Releasees (as defined in ¶ 35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

48.    Participants in and beneficiaries of a Global Payments employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Global Payments common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Global Payments common stock during the Class Period may be made by the plan's trustees.

49.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

50.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

51.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded Global Payments common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Global Payments common stock.

## PROPOSED PLAN OF ALLOCATION

52.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss Amount") described below.

53.      A Recognized Loss Amount will be calculated for each share of Global Payments common stock purchased or otherwise acquired during the Settlement Class Period.[2] The calculation of Recognized Loss Amounts will depend upon several factors, including when shares of Global Payments common stock were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss Amount is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss Amount is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

54.      The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Global Payments common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Global Payments common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Global Payments common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

55.      The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, Global Payments common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.  Plaintiffs and Co-Lead Counsel have determined that such price declines occurred on October 18, 2022 and October 19, 2022 (the "Corrective Disclosure Dates").  Accordingly, if a share of Global Payments common stock was sold before October 18, 2022 (the earliest Corrective Disclosure Date) the Recognized Loss Amount for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 Artificial Inflation in Global Payments Common Stock | | |
| --- | --- | --- |
| **From** | **To** | **Per-Share Price Inflation** |
| October 31, 2019 | October 17, 2022 | $0.99 |
| October 18, 2022 | October 18, 2022 | $0.32 |
| October 19, 2022 | Thereafter | $0.00 |

56.      The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Global Payments common stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Global Payments common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on Global Payments common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

---

[2] During the Settlement Class Period, Global Payments Inc. traded on the New York Stock Exchange ("NYSE") under the ticker symbol "GPN."

57.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Global Payments common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.     For each share of Global Payments common stock purchased or otherwise acquired during the Settlement Class Period (i.e., October 31, 2019 through October 18, 2022, inclusive), the Recognized Loss Amount per share shall be calculated as follows:

i.     For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold prior to October 18, 2022, the Recognized Loss Amount per share is $0.

ii.    For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold on October 18, 2022, the Recognized Loss Amount per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

    b.   the purchase price minus the sale price.

iii.   For each share of Global Payments common stock purchased during the Settlement Class Period that was subsequently sold during the period October 19, 2022 through January 13, 2023, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss Amount per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.   the purchase price minus the sale price; or

    c.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.    For each share of Global Payments common stock purchased during the Settlement Class Period and still held as of the close of trading on January 13, 2023, the Recognized Loss Amount per share is *the lesser of*:

    a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

    b.   the purchase price *minus* the average closing price for Global Payments common stock during the 90-Day Lookback Period, which is $102.86.

| | Table 2 | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/19/2022 | $112.67 | 11/16/2022 | $108.41 | 12/15/2022 | $104.05 |
| 10/20/2022 | $112.73 | 11/17/2022 | $107.92 | 12/16/2022 | $103.83 |
| 10/21/2022 | $113.23 | 11/18/2022 | $107.49 | 12/19/2022 | $103.58 |
| 10/24/2022 | $113.84 | 11/21/2022 | $107.02 | 12/20/2022 | $103.36 |
| 10/25/2022 | $114.71 | 11/22/2022 | $106.70 | 12/21/2022 | $103.19 |
| 10/26/2022 | $115.69 | 11/23/2022 | $106.45 | 12/22/2022 | $103.00 |
| 10/27/2022 | $116.57 | 11/25/2022 | $106.28 | 12/23/2022 | $102.87 |
| 10/28/2022 | $117.67 | 11/28/2022 | $106.04 | 12/27/2022 | $102.76 |
| 10/31/2022 | $117.29 | 11/29/2022 | $105.83 | 12/28/2022 | $102.63 |
| 11/1/2022 | $116.93 | 11/30/2022 | $105.76 | 12/29/2022 | $102.56 |
| 11/2/2022 | $116.08 | 12/1/2022 | $105.69 | 12/30/2022 | $102.50 |
| 11/3/2022 | $114.27 | 12/2/2022 | $105.61 | 1/3/2023 | $102.45 |
| 11/4/2022 | $112.97 | 12/5/2022 | $105.48 | 1/4/2023 | $102.47 |
| 11/7/2022 | $111.98 | 12/6/2022 | $105.25 | 1/5/2023 | $102.46 |
| 11/8/2022 | $111.18 | 12/7/2022 | $105.07 | 1/6/2023 | $102.51 |
| 11/9/2022 | $110.28 | 12/8/2022 | $104.90 | 1/9/2023 | $102.58 |
| 11/10/2022 | $109.85 | 12/9/2022 | $104.71 | 1/10/2023 | $102.63 |
| 11/11/2022 | $109.55 | 12/12/2022 | $104.57 | 1/11/2023 | $102.68 |
| 11/14/2022 | $109.21 | 12/13/2022 | $104.44 | 1/12/2023 | $102.78 |
| 11/15/2022 | $108.87 | 12/14/2022 | $104.27 | 1/13/2023 | $102.86 |

## ADDITIONAL PROVISIONS

59.    The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

60.    A purchase or sale of Global Payments common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

61.    All purchase and sale prices shall exclude any fees and commissions.

62.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Global Payments common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that Global Payments shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss Amount for that acquisition shall be deemed to be zero ($0.00).

63.    Notwithstanding any of the above, receipt of Global Payments common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Global Payments common stock.

64.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Global Payments common stock held as of the close of trading on October 30, 2019 (the last day before the Settlement Class Period begins) and then against the purchase of Global Payments common stock during the Settlement Class Period.

65.    The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has a short position in Global Payments common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

66.    With respect to Global Payments common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing

price of Global Payments common stock on the date of exercise. Any Recognized Loss Amount arising from purchases of Global Payments common stock acquired during the Settlement Class Period through the exercise of an option on Global Payments common stock shall be computed as provided for other purchases of Global Payments common stock in the Plan of Allocation.[3]

67.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss Amount will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss Amount as compared to the total Recognized Loss Amounts of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

68.    Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

69.    Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

70.    Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Co-Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

71.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

72.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees to all Plaintiffs' Counsel in an amount not to exceed 33.3% of the Settlement Fund. At the same time, Co-Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $100,000. The Court will determine the amount of any award of attorneys' fees or payment for Litigation Expenses. In addition, Co-Lead Counsel may apply for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an amount not to exceed $60,000, combined. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of Global Payments common stock as the result of the exercise of a call option, and (2) purchases of Global Payments common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?**
**HOW DO I EXCLUDE MYSELF?**

73.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Global Payments Inc. Securities Litigation*, ATTN: EXCLUSIONS, c/o A.B. Data, Ltd., P.O. BOX 173001, Milwaukee, WI 53217. The exclusion request must be *received* **no later than November 20, 2024**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM"; (c) state the number of Global Payments common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on October 31, 2019 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from October 31, 2019 through October 18, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. Co-Lead Counsel may request that the person or entity requesting exclusion submit documentation sufficient to prove his, her, or its holdings and trading in Global Payments common stock as called for above.

74.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

75.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

77.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

78.     The Settlement Hearing will be held on December 11, 2024, at 10:00 a.m., before the Honorable Leigh Martin May at the United States District Court for the Northern District of Georgia, Courtroom 2167 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

79.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Court either by mailing them to the Clerk of the Court, United States District Court, Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303 or by filing them in person at any location of the United States District Court for the Northern District of Georgia. All papers must be *received* **by the Court or filed on or before November 20, 2024**. You must also serve the papers on Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before November 20, 2024**.

| Co-Lead Counsel | Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| Pomerantz LLP | Lowey Dannenberg P.C. | King & Spalding LLP |
| Jeremy Lieberman, Esq. | Vincent Briganti, Esq. | Benjamin Lee, Esq. |
| 600 Third Ave. | 44 South Broadway | 1180 Peachtree Street, NE |
| 20th Floor | Suite 1100 | Suite 1600 |
| New York, NY 10016 | White Plains, NY 10601 | Atlanta, GA 30309 |

80.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Global Payments common stock that the objecting Settlement Class Member (i) owned as of the opening of trading on October 31, 2019 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from October 31, 2019 through October 18, 2022, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

81.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before November 20, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

83.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is ***received*** **on or before November 20, 2024**.

84.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

85.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

86.     If you purchased or otherwise acquired any shares of Global Payments common stock from October 31, 2019 through October 18, 2022, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Global Payments Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173002, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will

send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com, or by calling the Claims Administrator toll-free at (877) 411-4706.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

87.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Georgia, Room 2211, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Global Payments Inc. Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217
(877) 411-4706
info@globalpaymentssecuritieslitigation.com

Claims Administrator

**-or-**

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com

Vincent Briganti, Esq.
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com

Co-Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: August 26, 2024                    By Order of the Court
                                          United States District Court
                                          Northern District of Georgia

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>Defendants. | Case No. 1:23-cv-00577-LMM<br><br><br>CLAIM AND RELEASE FORM |

*Global Payments Inc. Securities Litigation*
*Toll-Free Number: (877) 411-4706*
*Email: info@globalpaymentssecuritieslitigation.com*
*Website: www.globalpaymentssecuritieslitigation.com*

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, **postmarked no later than January 11, 2025**.

**Mail to:**

*Global Payments Inc. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173002**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN GLOBAL PAYMENTS COMMON STOCK (NYSE: GPN, CUSIP: 37940X102)** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.) if different from Beneficial Owner

Record Owner's Name (if different from beneficial owner listed above)

Street Address

City

State or Providence

Zip Code or Postal Code

Country

Social Security Number or
Taxpayer Identification Number

Individual/ Corporation/Other

Telephone Number (Work)

Telephone Number (Home)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see definition of the Settlement Class on page 6 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER**. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Global Payments common stock. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Global Payments common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only publicly traded Global Payments common stock purchased or otherwise acquired during the Class Period (i.e., October 31, 2019, through October 18, 2022, inclusive) is eligible under the Settlement. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Global Payments common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Global Payments common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Global Payments common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible Global Payments common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of eligible Global Payments common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all

transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    a.    expressly state the capacity in which they are acting;

    b.    identify the name, account number, Social Security (or Taxpayer Identification) Number, address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Global Payments common stock; and

    c.    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

    a.    own(ed) the Global Payments common stock you have listed in the Claim Form; or

    b.    are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@globalpaymentssecuritieslitigation.com, or by toll-free phone at (877) 411-4706, or you can visit the website, www.globalpaymentssecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.globalpaymentssecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at info@globalpaymentssecuritieslitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection**. Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@globalpaymentssecuritieslitigation.com to inquire about your file and confirm it was received**.

## PART III – SCHEDULE OF TRANSACTIONS IN GLOBAL PAYMENTS COMMON STOCK

The only eligible security is Global Payments Inc. common stock (Ticker (NYSE): GPN, CUSIP: 37940X102). Do not include information regarding securities other than Global Payments common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

| | | | | |
|---|---|---|---|---|
| **1.    HOLDINGS AS OF OCTOBER 31, 2019** – State the total number of shares of Global Payments common stock held as of the opening of trading on October 31, 2019. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
| **2.    PURCHASES/ACQUISITIONS FROM OCTOBER 31, 2019, THROUGH JANUARY 18, 2023** – Separately list each and every purchase or acquisition (including free receipts) of Global Payments common stock from after the opening of trading on October 31, 2019, through the close of trading on January 18, 2023. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| **3.    SALES FROM OCTOBER 31, 2019, THROUGH JANUARY 18, 2023** – Separately list each and every sale or disposition (including free deliveries) of Global Payments common stock from after the opening of trading on October 31, 2019, through the close of trading on January 18, 2023. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
| Date of Sale (Trade Date) Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| **4.    HOLDINGS AS OF JANUARY 18, 2023** – State the total number of shares of Global Payments common stock held as of the close of trading on January 18, 2023. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICAL OWNERS' FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.    ☐** | | | | |

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants' Releasees; and shall covenant not to, and shall forever be barred and enjoined from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Global Payments common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Global Payments common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of claimant                                                                                  Date

_____          _____
Print name of claimant here                                                                         Date

_____          _____
Signature of joint claimant, if any                                                               Date

_____          _____
Print name of joint claimant name here                                                        Date

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided*:

_____          _____
Signature of person signing on behalf of claimant                                       Date

_____          _____
Print name of person signing on behalf of claimant here                            Date

_____
Capacity of person signing on behalf of claimant, if other than the individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 9 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

6. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@globalpaymentssecuritieslitigation.com, or by toll-free phone at (877) 411-4706, or you may visit www.globalpaymentssecuritieslitigation.com. DO NOT call Global Payments or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL *POSTMARKED* **NO LATER THAN JANUARY 11, 2025,** ADDRESSED AS FOLLOWS:

*Global Payments Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217
(877) 411-4706
www.globalpaymentssecuritieslitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before January 11, 2025, is indicated on the envelope and it is mailed first-class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT D

INVESTORS.COM

# MUTUAL FUND PERFORMANCE

WEEK OF SEPTEMBER 23, 2024    **A13**

## BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| | |
|---|---|
| Apple Inc (AAPL) | 12.63% |
| Microsoft Corp (MSFT) | 10.02% |
| Amazon.com Inc (AMZN) | 8.27% |
| Facebook Inc CI A (FB) | 3.91% |
| Tesla Inc (TSLA) | 3.19% |
| NeoGenomics Inc (NEO) | 1.35% |
| Cleveland-Cliffs Inc (CLF) | 1.31% |
| Yeti Holdings Inc (YETI) | 1.16% |
| Omnicell Inc (OMCL) | 1.14% |
| Brooks Automation (BRKS) | 1.13% |

*When the line is heading up, big cap growth funds are outperforming small cap growth funds.*

## GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| | |
|---|---|
| Apple Inc (AAPL) | 11.88% |
| Microsoft Corp (MSFT) | 9.42% |
| Amazon.com Inc (AMZN) | 7.78% |
| Facebook Inc CI A (FB) | 3.68% |
| Tesla Inc (TSLA) | 3.00% |
| Berkshire Hathaway (BRKB) | 2.84% |
| J P Morgan Chase (JPM) | 2.43% |
| Walt Disney Company (DIS) | 2.06% |
| Johnson & Johnson (JNJ) | 1.56% |
| Verizon Communications (VZ) | 1.53% |

*When the line is heading up, growth funds are outperforming value funds.*

## Top Growth Funds
### Last 3 months (all total returns)

| Mutual Fund | % Change Last 3 Mo | Rating 36 mos | $ Net Assets |
|---|---|---|---|
| Hennessy:Focus | +20 | B | 386.60 mil |
| Kinetics:SC Oppty | +19 | A+ | 250.00 mil |
| Kinetics:Paradigm | +18 | A+ | 467.20 mil |
| Morg Stan Insight | +17 | E | 624.60 mil |
| Baron Partners Fund | +17 | D+ | 3.099 bil |
| Morg Stan I:Disc | +17 | E | 371.10 mil |
| Transam:Cap Growth | +16 | E | 350.60 mil |
| Virtus:KAR Sm-Cp G | +16 | E | 2.227 bil |
| Morg Stan I:Growth | +16 | E | 1.628 bil |
| Federated Hrms MDT SC | +15 | B | 1.027 bil |
| Nuveen SC Val Opp | +14 | A+ | 202.90 mil |
| RMB Inv:Small Cap | +14 | C+ | 152.40 mil |
| Victory:RS Partners | +14 | A+ | 314.70 mil |
| Fidelity Sm Cp Val Idx | +14 | B | 1.305 bil |
| Wasatch:Micro Cp V | +14 | D- | 270.50 mil |
| Goldman:SC Eqty Ins | +13 | B+ | 125.20 mil |
| Fidelity Sel Cnst&Hous | +13 | A+ | 800.60 mil |
| VNFJ Sm-Cp Val | +13 | A- | 233.90 mil |
| Baron Discovery | +13 | E | 1.268 bil |
| TRowePrice SmCp Val | +13 | A | 4.592 bil |
| Indep Franch Prtnrs USEq | +13 | A | 1.928 bil |
| Brown Adv SC FV | +13 | A+ | 814.30 mil |
| Akre Focus Fund | +13 | A- | 7.192 bil |
| Baron Focused Gro | +13 | B- | 845.10 mil |
| Westwood Qualty SC | +13 | A | 518.30 mil |

## Top Growth Funds
### Last 3 years (all total returns)

| Mutual Fund | % Change YTD | Rating 3 years | $ Net Assets |
|---|---|---|---|
| ProFunds:Semiconduct | +84 | A+ | 378.20 mil |
| Hennessy:Crnst MdCp | +32 | A+ | 826.40 mil |
| Kinetics:SC Oppty | +48 | A+ | 250.00 mil |
| Kinetics:Paradigm | +56 | A+ | 467.20 mil |
| Hennessy:Crnst Gro | +33 | A+ | 334.30 mil |
| Fidelity New Millennium | +24 | A+ | 5.215 bil |
| Third Avenue:Value | +7 | A+ | 777.60 mil |
| Fidelity Sel Cnst&Hous | +23 | A+ | 800.60 mil |
| Fidelity Sel Industrls | +24 | A+ | 596.00 mil |
| Gotham Index Plus | +22 | A+ | 734.80 mil |
| Fidelity Adv Inds | +24 | A+ | 275.60 mil |
| Fidelity Sel Defense | +17 | A+ | 1.733 bil |
| Virtus:KAR SmCp Cr | +15 | A+ | 1.458 bil |
| Federtd Hrms MDTLC | +28 | A+ | 1.222 bil |
| Spirit of Amer:LC Val | +28 | A+ | 185.70 mil |
| BNYM Large Cp Securities | +23 | A+ | 2.379 bil |
| Federated Hrms MDT AC | +25 | A+ | 749.80 mil |
| DFA US Lg Cp Gr | +23 | A+ | 3.456 bil |
| Oberweis:Micro-Cap | +19 | A+ | 289.20 mil |
| Buffalo:Flex Alloc | +14 | A+ | 293.90 mil |
| FMI:Common Stock | +11 | A+ | 776.50 mil |
| GMO:Quality | +21 | A+ | 3.26 bil |
| Elfun Trusts | +25 | A+ | 4.232 bil |
| AQR:Div Strat | +11 | A+ | 1.018 bil |
| JPMorgan:US GARP Eq | +26 | A+ | 173.60 mil |

### U.S. Stock Fund Cash Position    High (11/00) 6.2%    Low (6/24) 1.42%

| | | | | | |
|---|---|---|---|---|---|
| 23-Feb | 2.26% | 23-Aug | 1.79% | 24-Feb | 1.54% |
| 23-Mar | 2.17% | 23-Sep | 1.87% | 24-Mar | 1.53% |
| 23-Apr | 2.22% | 23-Oct | 1.94% | 24-Apr | 1.44% |
| 23-May | 2.05% | 23-Nov | 1.87% | 24-May | 1.47% |
| 23-Jun | 1.98% | 23-Dec | 1.64% | 24-Jun | 1.42% |
| 23-Jul | 1.83% | 24-Jan | 1.63% | 24-Jul | 1.46% |



## MARKET SURGE
BY INVESTOR'S BUSINESS DAILY

# The most powerful stock research tools, all in one platform.

To take a discounted trial, go to:
**investors.com/MarketSurge**

Scan the QR code to learn more.

© 2024 Investor's Business Daily, LLC. Investor's Business Daily, IBD, IBD Digital, IBD Live and Leaderboard are trademarks of Investor's Business Daily, Inc.

---

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK**

ROBERT C. ASHE and JEFFREY S. GOHN, Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
v.
ARROW FINANCIAL CORPORATION, THOMAS J. MURPHY, PENKO K. IVANOV, and EDWARD J. CAMPANELLA,
Defendants.

Case No. 1:23-cv-00764-AMN-DJS

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ARROW FINANCIAL CORPORATION SECURITIES BETWEEN AUGUST 6, 2022 AND MAY 12, 2023, BOTH DATES INCLUSIVE, AND WHO WERE ALLEGEDLY DAMAGED THEREBY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of New York, that a hearing will be held on January 10, 2025, at 11:00 a.m., before the Honorable Anne M. Nardacci, at the United States District Court, Northern District of New York, Courtroom 6, 445 Broadway, Albany, New York 12207, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for the sum of $850,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of no more than 33.4% of the Settlement Amount plus interest, reimbursement of litigation expenses of no more than $85,000 plus interest, and awards to Plaintiffs of no more than $4,000, in aggregate, from the Settlement Amount should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated June 7, 2024 ("Stipulation"). Lead Counsel has also applied for up to $125,000 to pay for Administrative Costs.

The Court reserves the right to hold the Settlement Hearing telephonically or by virtual means. The Court appointed Pomerantz LLP as Lead Counsel to represent you and the other Settlement Class Members. However, you have the right to retain your own counsel and the right to appear at the Settlement Hearing through counsel of your choosing.

If you purchased or otherwise acquired Arrow Financial Corporation ("Arrow") securities between August 6, 2022 and May 12, 2023, both dates inclusive, your rights may be affected by this Settlement. As further described in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), you will be bound by any judgment entered in the Action, whether or not you make a claim, unless you request exclusion from the Settlement Class. If you have not received the Notice and the Proof of Claim and Release Form, you may obtain copies by visiting www.strategicclaims.net/Arrow/ or by contacting the Claims Administrator at info@strategicclaims.net or toll-free at (866) 274-4004. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form to the Claims Administrator in the form and manner detailed in the Notice so that it is postmarked or submitted electronically no later than January 17, 2025.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than December 20, 2024, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and awards to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than December 20, 2024, by each of the following:

| CLERK OF THE COURT: | LEAD COUNSEL: | DEFENSE COUNSEL: |
|---|---|---|
| United States District Court | Brenda Szydlo | William J. Sushon |
| Northern District of New York | POMERANTZ LLP | O'MELVENY & MYERS LLP |
| 445 Broadway | 600 Third Ave., 20th Fl. | 1301 Ave. of the Americas, 17th Fl. |
| Albany, New York 12207 | New York, New York 10016 | New York, New York 10019 |

If you have any questions about the Settlement, you may call or write to Lead Counsel for Plaintiffs:

Brenda Szydlo
POMERANTZ LLP
600 Third Avenue, 20th Floor, New York, NY 10016
(212) 661-1100
bszydlo@pomlaw.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: August 26, 2024

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,
Plaintiffs,
v.
GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,
Defendants.

Case No. 1:23-cv-00577-LMM

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons who purchased or otherwise acquired the publicly traded common stock of Global Payments Inc. ("Global Payments") from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $3,600,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on December 11, 2024, at 10:00 a.m. before the Honorable Leigh Martin May at the United States District Court for the Northern District of Georgia, Courtroom 2167 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309, or remotely per details that will be made publicly available on the Settlement website (www.globalpaymentssecuritieslitigation.com) in advance of the Settlement Hearing to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 10, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's motion for attorneys' fees and litigation expenses should be approved.

**If you are a member of this Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Global Payments Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173002, Milwaukee, WI 53217. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.globalpaymentssecuritieslitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than January 11, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than November 20, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than November 20, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Global Payments, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

Jeremy Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
jlieberman@pomlaw.com

Vincent Briganti, Esq.
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com

Requests for the Notice and Claim Form should be made to:

*Global Payments Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173002
Milwaukee, WI 53217
(877) 411-4706
www.globalpaymentssecuritieslitigation.com

By Order of the Court

---

©2024 Investor's Business Daily, LLC. All rights reserved.

# EXHIBIT E

# Pomerantz LLP and Lowey Dannenberg, P.C. Announce a Proposed Settlement in the Global Payments Incorporated Securities Litigation

NEWS PROVIDED BY
**Pomerantz LLP and Lowey Dannenberg, P.C.** →
Sep 23, 2024, 10:00 ET

NEW YORK, Sept. 23, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>Defendants. | Case No. 1:23-cv-00577-LMM<br><br>SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TO: All persons who purchased or otherwise acquired the publicly traded common stock of Global Payments Inc. ("Global Payments") from October 31, 2019 through October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $3,600,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on December 11, 2024, at 10:00 a.m. before the Honorable Leigh Martin May at the United States District Court for the Northern District of Georgia, Courtroom 2167 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303-3309, or remotely per details that will be made publicly available on the Settlement website (**www.globalpaymentssecuritieslitigation.com**) in advance of the Settlement Hearing to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 10, 2024 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's motion for attorneys' fees and litigation expenses should be approved.

**If you are a member of this Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Global Payments Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173002, Milwaukee, WI 53217. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, **www.globalpaymentssecuritieslitigation.com**.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than January 11, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than November 20, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than November 20, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Global Payments, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel:

Jeremy Lieberman, Esq.

POMERANTZ LLP

600 Third Avenue, 20th Floor

New York, NY 10016

(212) 661-1100

**jalieberman@pomlaw.com**


Vincent Briganti, Esq.

LOWEY DANNENBERG, P.C.

44 South Broadway, Suite 1100

White Plains, NY 10601

(914) 997-0500

**vbriganti@lowey.com**

Requests for the Notice and Claim Form should be made to:

*Global Payments Inc. Securities Litigation*

c/o  A.B. Data, Ltd.

P.O. Box 173002

Milwaukee, WI 53217

(877) 411-4706

**www.globalpaymentssecuritieslitigation.com**

By Order of the Court

Source:

Pomerantz LLP

Lowey Dannenberg, P.C.

SOURCE Pomerantz LLP and Lowey Dannenberg, P.C.

WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

# GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**