# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>          Defendants. | Case No. 1:23-cv-00577-LMM |

**REPLY BRIEF IN FURTHER SUPPORT OF (I) CO-LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS AND (II) CO-LEAD COUNSEL'S MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT ....................................................................................................2

    I.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS
          APPROVAL OF THE SETTLEMENT, THE PLAN OF
          ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES
          AND LITIGATION EXPENSES .......................................................2

    II.   ELEVENTH CIRCUIT PRECEDENT SUPPORTS GRANTING
          CO-LEAD PLAINTIFFS' PSLRA AWARD REQUESTS..................8

CONCLUSION...............................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Access Now, Inc. v. Claire Stores, Inc.*,
2002 WL 1162422 (S.D. Fla. May 7, 2022)......................................................5

*Bennett v. Behring Corp.*,
737 F.2d 982 (11th Cir. 1984) .........................................................................5

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) .........................................................................7

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
2012 WL 12540344 (N.D. Ga. Oct. 26, 2012) ..................................................7

*Cosby v. KPMG LLP*,
2022 WL 4129703 (E.D. Tenn. July 12, 2022) ................................................10

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) .........................................................................5

*Elkin v. Walter Inv. Mgmt. Corp.*,
2018 WL 8951073 (E.D. Pa. Dec. 18, 2018).....................................................10

*Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*,
62 F.4th 704 (2d Cir. 2023) .............................................................................8

*Guevoura Fund Ltd. v. Sillerman*,
2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ...................................................9

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) .......................................................6

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
2019 WL 2720818 (N.D. Ga. June 6, 2019)...................................................5, 7

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005).........................................................6

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2017)....................................................8

*In re Citigroup Inc. Sec. Litig.*,
   965 F. Supp. 2d 369 (S.D.N.Y. 2013) .....................................................................5

*In re Flowers Foods, Inc. Sec. Litig.*,
   2019 WL 6771749 (M.D. Ga. Dec. 11, 2019).......................................................11

*In re Food Serv. Equip. Hardware Antitrust Litig.*,
   2011 WL 13175440 (N.D. Ga. Dec. 28, 2011) .......................................................7

*In re Health Ins. Innovations Sec. Litig*,
   2021 WL 1341881 (M.D. Fla. March 23, 2021) ..............................................8, 9

*In re Illumina, Inc. Sec. Litig.*,
   2021 WL 1017295 (S.D. Cal. Mar. 17, 2021), *modified on other
   grounds*, 2021 WL 7707725 (S.D. Cal. May 4, 2021) ..........................................9

*In re Lucent Techs., Inc., Sec. Litig.*,
   307 F. Supp. 2d 633 (D.N.J 2004).........................................................................6

*In re March & McLennan Cos. Sec. Litig.*,
   2009 WL 5178546 (S.D.N.Y Dec. 23, 2009)........................................................10

*In re NetBank, Inc. Sec. Litig.*,
   2011 WL 13176646 (N.D. Ga. Nov. 9, 2011) .......................................................5

*In re Par Pharm. Sec. Litig.*,
   2013 WL 3930091 (D.N.J. July 29, 2013) ...........................................................10

*In re Regulus Therapeutics Sec. Litig.*,
   2020 WL 6381898 (S.D. Cal. Oct. 30, 2020).........................................................9

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ..................................................................................7

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007).........................................................6

*Johnson v. NPAS Sols., LLC*,
   975 F.3d 1244 (11th Cir. 2020), *cert. denied sub nom. Johnson v.
   Dickenson*, 143 S. Ct. 1745 (2023), *and cert. denied sub nom.
   Dickenson v. Johnson*, 143 S. Ct. 1746 (2023).....................................................8

iii

*Khoja v. Orexigen Therapeutics, Inc.*,
   2021 WL 5632673 (S.D. Cal. Nov. 30, 2021)........................................................9

*Pinto v. Princess Cruises Lines, Ltd.*,
   513 F. Supp. 2d 1334 (S.D. Fla. 2007) .................................................................7

*Pritchard v. APYX Med. Corp.*,
   2020 WL 6937821 (M.D. Fla. Nov. 18, 2020).......................................................8

*Rodriguez v. ALFI, Inc.*,
   2024 WL 1091798 (S.D. Fla. Mar. 11, 2024) ......................................................11

*Thorpe v. Walter Inv. Mgmt. Corp.*,
   2016 WL 10518902 (S.D. Fla. Oct. 17, 2016) .....................................................11

*Varljen v. H.J. Meyers & Co. Inc.*,
   2000 WL 1683656 (S.D.N.Y. Nov. 8, 2020).........................................................10

**Statutes**

15 U.S.C. §§ 77z-1(a)(4)..................................................................................................8

15. U.S.C. 78u-4(a) ...............................................................................8, 9, 11, 12

iv

Co-Lead Plaintiffs Mike Shafer, David Keating, and William Jeffrey Igoe ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Co-Lead Counsel respectfully submit this memorandum of law in further support of (i) Co-Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Final Certification of Settlement Class (Doc. No. 68), and (ii) Co-Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (Doc. No. 69).[1]

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $3,600,000. As detailed in Co-Lead Plaintiffs' and Co-Lead Counsel's opening papers (Doc. Nos. 68-70), the Settlement is the product of arm's-length settlement negotiations reached by experienced and informed counsel and supported by Co-Lead Plaintiffs. The Settlement represents an excellent result for the Settlement Class relative to the recovery that could reasonably be expected to be obtained through trial, the substantial challenges that Co-Lead Plaintiffs would have faced in proving liability and establishing loss causation and damages, as well as the costs and delays of continued litigation.

---

[1] Unless otherwise indicated, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated June 10, 2024 (Doc. No. 65-2) (the "Stipulation").

Pursuant to the Court's August 26, 2024 Order Preliminarily Approving Settlement and Providing for Notice (Doc. No. 67) (the "Preliminary Approval Order"), the Claims Administrator, under the supervision of Co-Lead Counsel, conducted an extensive notice program, including mailing the Postcard Notice to over 250,000 potential Settlement Class Members and nominees. In response to this notice program, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and expenses. Further, only six purported members of the Settlement Class have requested exclusion from the Settlement Class. As explained below, this reaction of the Settlement Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses are fair and reasonable, and should be approved.

## ARGUMENT

**I.  THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

Co-Lead Plaintiffs and Co-Lead Counsel respectfully submit that their opening papers demonstrate that approval of the motions is warranted. Now that the time for objecting to the Settlement or requesting exclusion from the Settlement Class has passed, the overwhelmingly positive reaction by the Settlement Class provides additional support for approval of the motions.

2

Pursuant to the Preliminary Approval Order, 264,825 copies of the Postcard Notice have been mailed to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Kathleen Brauns Regarding Mailing of the Postcard Notice, Objections and Requests for Exclusion Received, and Claims Received to Date ("Supp. Brauns Decl."), filed herewith, at ¶5. The Postcard Notice directed Settlement Class Members to a website designed for this Action, where the Notice was available. The Postcard Notice and Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Co-Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33.3% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $100,000. *See* Postcard Notice; Notice ¶¶5, 72. The Postcard Notice and Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Settlement Class, and the November 20, 2024 deadline for filing objections and for receipt of requests for exclusion. *See* Postcard Notice; Notice ¶¶77-85.

As noted above, following the notice program, not a single Settlement Class Member objected to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for fees and expenses. In addition, Co-Lead Counsel received only six

requests for exclusion from purported members of the Settlement Class.[2] *See* Supp. Brauns Decl. ¶11. Though not all of these six requests for exclusion provided information regarding purchases of Global Payments common stock during the Class Period, the information that was provided indicates that these requests represent 2,284 shares, which is less than 0.002% of the estimated total number of affected shares. *See* Notice ¶3 (stating that the $3.6 million Settlement provides an "estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs described herein) [of] $0.03 per affected shared of Global Payments common stock").

---

[2] It is not clear whether all of these requests are from members of the Settlement Class. The request from Beniamino Giusti does not identify any purchases of Global Payments common stock during the Class Period. *See* Supp. Brauns Decl. Ex. A, Exclusion 1. The request from Malta Pension Investments indicates that it enclosed "[t]rading history," but it does not explicitly state that the documentation reflects all purchases and sales during the Class Period. *See* Supp. Brauns Decl. Ex. A, Exclusion 3. The request from Fu Sheng Wu states that twenty shares of Global Payments common stock were purchased during the Class Period, but does not state when or whether those shares were sold. *See* Supp. Brauns Decl. Ex. A, Exclusion 5. The request from Sandra P Kowalski was received after the November 20, 2024 deadline and does not identify any purchases of Global Payments common stock during the Class Period. *See* Supp. Brauns Decl. Ex. A, Exclusion 6. Based on the information provided, it is possible that none of these four persons purchased shares of Global Payments common stock during the Class Period *and* "were damaged thereby," and thus that none are members of the Settlement Class. *See* Stipulation ¶1(uu) ("Settlement Class" limited to those "who purchased or otherwise acquired publicly-traded Global Payments common stock during the Class Period, and who were damaged thereby"). While not all of the requests for exclusion satisfied all the requirements set forth in the Notice, Co-Lead Plaintiffs and Co-Lead Counsel request that Court nonetheless grant these persons' requests and exclude them from the Settlement Class.

The reaction of settlement class members to a proposed settlement, including the number of objections, is a significant factor to be considered in judging the fairness and adequacy of a proposed settlement. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The absence of any objections from Settlement Class Members and the small number of requests for exclusion supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that … the settlement agreement … [is] reasonable and fair."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13176646, at *5 (N.D. Ga. Nov. 9, 2011) ("The absence of any objection to the settlement here further supports final approval."); *Access Now, Inc. v. Claire Stores, Inc.*, 2002 WL 1162422, at *7 (S.D. Fla. May 7, 2022) ("The fact that no objections have been filed strongly favors approval of the settlement.").

It is significant that no institutional investors have objected to the Settlement. Institutional investors are often sophisticated, and possess the incentive and ability to object. The absence of objections by these sophisticated settlement class members is further evidence of the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (the reaction of the class supported

the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation"); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J 2004) (finding that the "favorable reaction of the Class supports approval of the proposed Plan of Allocation" where there were no objections).

Finally, the positive reaction of the Settlement Class should also be considered with respect to Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to the

6

settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). The lack of any objections is important evidence that the requested fee award and expense reimbursements are fair and reasonable. *See Arby's*, 2019 WL 2720818, at *1 ("The lack of objection is a strong indicator that both the settlement agreement and Application [for attorneys' fees and expenses] are reasonable and fair."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) ("the absence of any objection by class members" supported the requested "award of attorney fees equal to one-third of the settlement fund"); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fees and expense award is evidence that the requested fee is fair."); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizable class did not give rise to a single objection on the fees request further justifies the full award.").

The lack of objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so,

supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at

*1 (S.D.N.Y. July 16, 2017) (lack of objections from institutional investors

supported the approval of fee request because "the class included numerous

institutional investors who presumably had the means, the motive, and the

sophistication to raise objections if they thought the [requested] fee was excessive").

## II.  ELEVENTH CIRCUIT PRECEDENT SUPPORTS GRANTING CO-LEAD PLAINTIFFS' PSLRA AWARD REQUESTS

Co-Lead Plaintiffs respectfully request a total of $37,500 ($12,500 for each of

the three Co-Lead Plaintiffs) in service awards as reimbursement for their time spent

prosecuting the Action. 15 U.S.C. §§ 77z-1(a)(4); 78u-4(a)(4) ("Nothing in this

paragraph shall be construed to limit the award of reasonable costs and expenses

(including lost wages) directly relating to the representation of the class to any

representative party serving on behalf of [the] class.").[3]

---

[3] The fact that the plaintiff awards requested here are specifically allowed by federal statute differentiates them from the "incentive payments" that the Eleventh Circuit held were barred in certain class actions. *Compare Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020) ("[I]f either the Rules Committee or Congress doesn't like the result we've reached, they are free to amend Rule 23 or to provide for incentive awards by statute."), *cert. denied sub nom. Johnson v. Dickenson*, 143 S. Ct. 1745 (2023), *and cert. denied sub nom. Dickenson v. Johnson*, 143 S. Ct. 1746 (2023); *with Pritchard v. APYX Med. Corp.*, 2020 WL 6937821, at *2 (M.D. Fla. Nov. 18, 2020) (granting awards totaling $10K in connection with $3M settlement following *Johnson* decision), *and In re Health Ins. Innovations Sec. Litig*, 2021 WL 1341881, at *13 (M.D. Fla. March 23, 2021) (granting award of $3,125 in connection with $2.8 million settlement following *Johnson* decision). Indeed, as the Second Circuit recently observed, "[s]ervice awards are expressly allowed by statute for class representatives in private securities litigation." *Fikes Wholesale, Inc. v.*

"Court[s] have found that the PSLRA permits courts to award lead plaintiffs in federal securities actions reimbursement for their time devoted to participating in and directing the litigation on behalf of the class." *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *22-23 (S.D.N.Y. Dec. 18, 2019) (awarding lead plaintiff $10,000 from settlement of $6.75 million and agreeing the amount requested was "reasonable and, indeed, modest compared to awards made to lead plaintiffs in other PSLRA cases"); *see also Health Ins. Innovations*, 2021 WL 1341881, at *13 (granting service award to lead plaintiff in the amount of $3,125 from settlement of $2.8 million); *In re Regulus Therapeutics Sec. Litig.*, 2020 WL 6381898, at *8 (S.D. Cal. Oct. 30, 2020) (noting that "incentive awards typically range from $2,000 to $10,000" and awarding lead plaintiff $2,000 from settlement of $900,000) (citation omitted); *In re Illumina, Inc. Sec. Litig.*, 2021 WL 1017295, at *8 (S.D. Cal. Mar. 17, 2021) (awarding class representative $25,000 from settlement of $13,850,000 for 70 hours of work), *modified on other grounds*, 2021 WL 7707725 (S.D. Cal. May 4, 2021); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *11 (S.D. Cal. Nov. 30, 2021) (approving award of $9,230 from settlement of $4.8 million for approximately 48 hours of work). Reimbursement of such costs are permitted as they "encourage[] participation of plaintiffs in the active supervision of their counsel."

---

*HSBC Bank USA, N.A.*, 62 F.4th 704, 721 (2d Cir. 2023) (citing 15 U.S.C. § 78u-4(a)(4)).

9

*Varljen v. H.J. Meyers & Co. Inc.*, 2000 WL 1683656, at *5 n.2 (S.D.N.Y. Nov. 8, 2020); *Cosby v. KPMG LLP*, 2022 WL 4129703, at *3 (E.D. Tenn. July 12, 2022) (awarding $25,000, $10,000 and $10,000 to Lead Plaintiffs from settlement of $11.6 million); *Elkin v. Walter Inv. Mgmt. Corp.*, 2018 WL 8951073, at *2 (E.D. Pa. Dec. 18, 2018) (awarding lead plaintiff $10,000 from settlement of $2.95 million); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *11 (D.N.J. July 29, 2013) (approving an award of $18,000 from a settlement fund of $8.1 million after finding that the lead plaintiff had reviewed and approved pleadings and regularly communicated with lead counsel, and no objections had been raised by class members in receipt of notice that the award was sought).

As set forth in their respective declarations, Co-Lead Plaintiffs have actively and effectively fulfilled their obligations as representatives of the Settlement Class. Co-Lead Plaintiffs, among other things: (i) regularly communicated by phone and email with Co-Lead Counsel concerning the prosecution of the Action and strengths and weaknesses of the claims; (ii) reviewed significant filings in the Action; and (iii) were involved in mediation efforts and settlement negotiations. *See* Declaration of William Jeffrey Igoe (Doc. No. 70-2) ¶¶3-6, 10-11; Declaration of Mike Shafer (Doc. No. 70-3) ¶¶3-6, 10-11; Declaration of David Keating (Doc. No.70-4) ¶¶3-6, 10-11. The foregoing efforts are "precisely the types of activities that support awarding reimbursement of expenses to class representatives." *In re March &*

10

*McLennan Cos. Sec. Litig.*, 2009 WL 5178546, at \*21 (S.D.N.Y Dec. 23, 2009); *see, e.g.*, *Rodriguez v. ALFI, Inc.*, 2024 WL 1091798, at \*2 (S.D. Fla. Mar. 11, 2024) (awarding plaintiffs $4,500 ($1,500 each) in PSLRA awards); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at \*12 (S.D. Fla. Oct. 17, 2016) (awarding $15,000 to each class representative as "fair and reasonable"); *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at \*2 (M.D. Ga. Dec. 11, 2019) (awarding plaintiffs $10,000 each "as reimbursement for [their] reasonable costs and expenses directly related to [their] representation of the Settlement Class"). Moreover, to date, there have been no objections to the request for awards to Co-Lead Plaintiffs as reimbursement for their reasonable costs incurred in representing the Settlement Class.

Co-Lead Plaintiffs dedicated their own valuable time, faithfully representing the Settlement Class. Here, the requested awards to Co-Lead Plaintiffs are reasonable and amount to only approximately 1% of the Settlement Fund. The Court should award the requested amounts to Co-Lead Plaintiffs in this Action.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Co-Lead Plaintiffs' and Co-Lead Counsel's opening papers, they respectfully request that the Court approve the Settlement, the Plan of Allocation, and the requests for attorneys' fees and Litigation Expenses and for awards to Co-Lead Plaintiffs pursuant to the

11

PSLRA. Copies of the (i) proposed Judgment, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 1, 2, and 3, respectively.

Dated: December 4, 2024

**POMERANTZ LLP**

*s/ Jonathan D. Park*
Jeremy A. Lieberman
(Admitted *Pro Hac Vice*)
Jonathan D. Park
(Admitted *Pro Hac Vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
jpark@pomlaw.com

*Counsel to Co-Lead Plaintiff William Jeffrey Igoe and Co-Lead Counsel for the Class*

**EVANGELISTA WORLEY, LLC**
James M. Evangelista
500 Sugar Mill Road, Suite 245A
Atlanta, GA 30350
Telephone: (404) 205-8400
jim@ewlawllc.com

*Counsel to Co-Lead Plaintiff William Jeffrey Igoe and Liaison Counsel for the Class*

**LOWEY DANNENBERG, P.C.**
Vincent Briganti
vbriganti@lowey.com
(Admitted *Pro Hac Vice*)

12

Andrea Farah
afarah@lowey.com
(Admitted *Pro Hac Vice*)
Alesandra Greco
agreco@lowey.com
(Admitted *Pro Hac Vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: 914/997-0500

*Counsel to Co-Lead Plaintiffs Mike Shafer and David Keating and Co-Lead Counsel for the Class*

13

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.

<u>*/s/ Jonathan D. Park*    </u>
JONATHAN D. PARK

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 4, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

*/s/ Jonathan D. Park*
JONATHAN D. PARK
