**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>Defendants. | Case No. 1:23-cv-00577-LMM |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND
LITIGATION EXPENSES**

This matter came on for hearing on December 11, 2024 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and

determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 10, 2024 (ECF No. 65-2) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund and $_____ in payment of

Co-Lead Counsel's Litigation Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorney's fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $3,600,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought has been reviewed and approved as reasonable by Co-Lead Plaintiffs who actively supervised the Action;

(c) Copies of the Postcard Notice were mailed to over 250,000 potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount that would not exceed 33.3% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $100,000, and no objections to the requested attorneys' fees and expenses were received;

3

(d)    Co-Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)    The Action raised a number of complex issues;

(f)    Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Co-Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)    Plaintiffs' Counsel devoted over 900 hours, with a lodestar value of over $730,000, to achieve the Settlement; and

(h)    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    Co-Lead Plaintiffs Mike Shafer, David Keating, and William Jeffrey Igoe are hereby awarded $_____ each from the Settlement Fund as reimbursement for reasonable costs and expenses directly related to their representation of the Settlement Class.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the

administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2024

_____

The Honorable Leigh Martin May
United States District Judge