UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKE SHAFER, DAVID KEATING, and WILLIAM JEFFREY IGOE, on Behalf of Themselves and All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>GLOBAL PAYMENTS INC., ACTIVE NETWORK LLC, JEFF SLOAN, CAMERON BREADY, PAUL TODD, JOSH WHIPPLE, and ANDREA FACINI,<br><br>       Defendants. | Case No. 1:23-cv-00577-LMM |

## ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is presently pending in this Court entitled *Shafer, et al. v. Global Payments Inc., et al.*, Civil Action No. 1:23-cv-00577-LMM (the "Action");

WHEREAS, (a) Co-Lead Plaintiffs Mike Shafer, David Keating, and Williams Jeffrey Igoe ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) defendant Global Payments Inc. ("Global Payments" or the "Company"), defendant Active Network, LLC ("Active"), and defendants Jeff Sloan, Cameron Bready, Paul Todd, Josh Whipple, and Andrea Facini (collectively, the "Individual Defendants," and together with Global Payments and Active, the

"Defendants"; and together with Co-Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 10, 2024 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, pursuant to Rule 23(a) and (b)(3) of the Federal rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired publicly traded Global Payments Securities during the period of time from October 31, 2019 through and including October 18, 2022, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) any current or former officers or directors of Global Payments or Active who served in such capacities during the Class Period; (iii) members of the immediate family of each of the Individual Defendants or any current or former officer or director of Global Payments or Active who served in such capacities during the Class Period; (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Class Period; (v) any affiliates, parents, or subsidiaries of Global Payments or Active; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded persons. Also excluded from the

Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

WHEREAS, unless otherwise defined in the Judgment, the capitalized terms shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated August 26, 2024 (the "Preliminary Approval Order"), the Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity to either exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on December 11, 2024 (the "Settlement Hearing") to consider among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral

3

and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction** – The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 2 , 2024, and (b) the Notice and the Summary Notice, both of which were filed with the Court on August 2, 2024.

3.  **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice and Claim Form and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Co-Lead

Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq., as amended, and all other applicable law and rules.

4. **Compliance with CAFA** – Defendants have filed a Declaration Regarding Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the Stipulation pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all states in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases

5

provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that (a) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all claims asserted against Defendants in the Action by Co-Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Co-Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net

6

Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

 8. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

 a. Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, (i) shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees; (ii) shall be deemed to have, and by operation of law and of this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any or all of the Released Plaintiffs' Claims

    against any of the Defendants or the other Defendants' Releasees; and (iii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

  b. Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Co-Lead Plaintiffs and the other Plaintiffs' Releasees, and shall have covenanted not to and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a.    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Co-Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any

        of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    b.    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from

liability granted hereunder and thereunder otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

13. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Co-Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of

11

Settlement Class Members in connection with the Settlement. Without further order of the Court, Co-Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation; this Judgment shall be without prejudice to the rights of Co-Lead Plaintiffs, the other Settlement Class Members, and Defendants; the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent to Global Payments (or such other persons or entities that Defendants' Counsel may direct in writing) as provided by the Stipulation; and the Parties shall revert to their respective positions in the Action as of May 21, 2024, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this \_\_\_\_13th\_\_\_\_\_ day of \_December\_\_\_, 2024.

                                                    _____
                                                    The Honorable Leigh Martin May
                                                        United States District Judge

# Exhibit 1

Beniamino Giusti

Christian-Daniel Wilm

Malta Pension Investments

Edwards Family Trust U/A DTD 01/01/1999

Fu Sheng Wu

Sandra P Kowalski